## COLEMAN v. BATTIEST.

No. 8207—Opinion Filed Dec. 19, 1916.

Rehearing Denied Feb. 13, 1917.

(162 Pac. 786.)

**Indians—Indian Lands—Jurisdiction of District Court.**

District courts of Oklahoma are without jurisdiction to order and decree the partition of lands inherited by full-blood Indians of the Five Civilized Tribes from a deceased allottee, who was also a full-blood Indian of one of said tribes.

(Syllabus by Collier, C.)

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by Phoebe Coleman, by her legal guardian, R. M. Wilson, against William Battiest. There was a judgment for defendant, and plaintiff brings error. Affirmed.

W. F. Semple, for plaintiff in error.

Robt. M. Rainey, for defendant in error.

Opinion by COLLIER, C. This is an action brought by plaintiff in error, a minor, by her legal guardian, R. M. Wilson, to partition lands described in the petition in this cause. Hereinafter the parties will be designated as they were in the trial court. The amended petition, on which the cause was filed, omitting its caption, is as follows:

"Comes now the plaintiff, Phoebe Coleman, by R. M. Wilson, her legal guardian, and for her amended petition herein alleges and states:

"I. That the plaintiff is a minor, and that R. M. Wilson is the legally appointed, qualified, and acting guardian of the person and estate of the said Phoebe Coleman, a minor, by virtue of letters of guardianship issued out of the county court of Atoka county, Oklahoma.

"II. That the defendant is also a resident of Atoka county, state of Oklahoma, and that the land hereinafter described in plaintiff's petition is situated in Atoka county, of the state of Oklahoma, and is described as follows: The northwest quarter of section 19, township 4 south, range 10 east, Atoka county, Oklahoma.

"III. That the above-described land was the homestead allotment of Ellie Battiest, now deceased, who was duly enrolled as a citizen of the full blood of the Choctaw Tribe of Indians, opposite Roll No. 10668. That the said Ellie Battiest departed this life August

1915, in Atoka county, state of Oklahoma, intestate, leaving as her sole and only surviving heirs at law the following persons, to wit: Phoebe Coleman, plaintiff herein, who was the daughter and only child of Ellie Battiest, deceased, and William Battiest, who is the surviving husband of the said Ellie Battiest, now deceased. That the said Phoebe Coleman, a minor, plaintiff herein, is a member of the Choctaw Tribe of Indians, of the full blood, duly enrolled upon the approved rolls of said tribe as a new-born, opposite roll No. 1243. That the said William Battiest is an adult person and a full-blood Indian, and that the said Phoebe Coleman, a minor, plaintiff herein, and the said William Battiest, defendant above named, are the owners of an absolute estate of inheritance of the above-described lands.

"IV. Plaintiff further alleges and states that she is now in actual and peaceable possession of said above-described lands, and said land is located in Atoka county, state of Oklahoma, and that the plaintiff is entitled to an undivided one-half interest in and to said above-described land, and the defendant, William Battiest, is entitled to an undivided one-half interest in and to said land. That the said land hereinbefore mentioned is so situated as to be susceptible and capable of partition between the plaintiff and defendant, and plaintiff is entitled to have a decree of partition, appointing commissioners to partition said land between plaintiff and defendant, and decreeing plaintiff to be the sole and only owner of a fixed and definite part of said land, and that the defendant be the sole and only owner of a definite part of said land.

"Wherefore, plaintiff prays that commissioners be appointed to view, appraise, and partition said land, and that thereafter a decree of this court be entered adjudging the plaintiff to be the sole and only owner of a definite and certain parcel of said land, and the defendant to be the sole and only owner of a definite and certain parcel of said land, and for a judgment partitioning the rents arising from said land."

To the amended petition the defendant demurred, upon the ground that the petition does not state facts sufficient in law to constitute a cause of action against this defendant and in favor of plaintiff. Upon the hearing, the court sustained the demurrer to the petition, to which plaintiff duly excepted. Thereupon the plaintiff stated in open court that she elected to stand on her petition as amended and declined to plead further, and upon motion of defendant said cause was dismissed, to which action of the court plaintiff then and there duly excepted. From the order of the court sustaining the demurrer, and from the order of the court dismissing plaintiff's action, this appeal is prosecuted.

There is but one question involved in this appeal: Have the district courts of this state jurisdiction to partition an allotment of land inherited by Choctaw Indians of the full blood? The statute of this state (Rev. Laws 1910) providing for the partition of lands, in part, is as follows:

"4944. After the interests of all the parties shall have been ascertained, the court shall make an order specifying the interests of the respective parties, and directing partition to be made accordingly.

"4945. Upon making such order, the court shall appoint three commissioners to make partition into the requisite number of shares."

"4950. If partition be made by the commissioners, and no exceptions are filed to their report, the court shall render judgment that such partition be and remain firm and effectual forever.

"4951. If partition can not be made, and the property shall have been valued and appraised, any one or more of the parties may elect to take the same at the appraisement, and the court may direct the sheriff to make a deed to the party or parties so electing, on payment to the other parties of their proportion of the appraised value.

"4952. If none of the parties elect to take the property at the valuation, or if several of the parties elect to take the same at the valuation, in opposition to each other, the court shall make an order directing the sheriff of the county to sell the same, in the same manner as in sales of real estate on execution; but, no sale shall be made at less than two-thirds of the valuation placed upon the property by the commissioners."

"4955. The court shall have full power to make any order, not inconsistent with the provisions of this article, that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests."

It therefore appears, in considering the above-quoted law of partition, that a condition may arise that, in the event the lands cannot be partitioned, and no party at interest elects to take the land at its valuation, that the court must order a sale of the land to be made by the sheriff in the same manner as the sale of real estate on execution. It therefore clearly appears that under the law of partition a direct sale of the land sought to be partitioned may be made. Hence we are confronted with the question as to the jurisdiction of the district courts, under any condition, to order the sale of lands inherited by full-blood Indian heirs. Has a district court the power either to partition in kind, or to order sale, as provided by the laws of this state, upon a petition to partition the lands of full-blood Indian heirs?

Section 9 of the act of Congress approved May 27, 1908 (35 Stat. 315, c. 199), provides:

"That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land: Provided, that no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction· of the settlement of the estate of said deceased allottee."

Under the Enabling Act, and the Constitution of this state, this court is controlled by the acts of Congress pertaining to Indians and their lands. In construing section 3 of the Enabling Act, and section 6, art. 10, of the Constitution of Oklahoma, this court, in Gleason v. Wood, 28 Okla. 502, 114 Pac. 703, held:

"The people of the state, in the adoption of the terms of the Enabling Act, in effect, have disclaimed any right of authority to limit or affect the power of the government to make any law or regulation respecting Indians, their lands, property, or other rights which the government might have made, had the territory embracing the same not been created into a state. * * * On Oklahoma coming in as a state; it yielded the right to the federal government to legislate as to this property. * * *"

If the district court had jurisdiction, under any phase of the law of partition, over the inherited lands of full-blood Indians, it must necessarily have, in the event that none of the other parties elect to take the property at the valuation, or if several of the other parties elect to take the same at the valuation, in opposition to each other, to make an order directing the sale of same in the same manner as sales under execution.

Again, it is clear to us that, under the weight of authority, partition is an alienation. It divests the title of one to the lands as a whole, and vests it in another; and therefore, if the district court has jurisdiction to do this, then it would be in direct opposition to the law of Congress fixing the mode that the allotted lands of full-blood Indian heirs can be alienated only as the voluntary act of the heir, coupled with the approval of the county court having jurisdiction of the estate of the deceased allottee.

In Stark v. Duvall, 7 Okla. 213, 54 Pac. 453, it is said:

" 'Alienation' is the voluntary and complete transfer from one person to another," and, "applied to the transfer of property, involves the complete and absolute exclusion from him who alienates of any remaining interest in the thing transferred, and involves the complete transfer of the property, possession of said lands, tenements, or other things, to another."

In McGuire v. Fluker, 112 La. 76, 36 South. 231, the Supreme Court of Louisiana held that the result obtained by partition is the transfer of the interest of one co-owner to another.

The Supreme Court of the United States, in Robinson v. Fair, 128 U. S. 53, 9 Sup. Ct. 30, 32 L. Ed. 415, said:

"We lay aside, as not open to dispute, the proposition that there is a difference between distribution and partition. And we are satisfied that that difference was in the mind of the Legislature when it passed the original * * * act, as well as when the Code of Civil Procedure was adopted. As correctly observed by counsel, distribution neither gives a new title to property, nor transfers a distinct right in the estate of the deceased owner, but is simply declaratory as to the persons upon whom the law casts the succession, and the extent of their respective interests; while partition, in most, if not all, of its aspects, is an adversary proceeding, in which a remedial right to the transfer of property is asserted, and resulting in a decree which, either ex proprio vigore, or as executed, accomplishes such transfer."

It is the unquestioned holding of this court that lands of full-blood Indian heirs can only be alienated in the mode provided by Congress. We are of the opinion that, even if the condition arising under the act of partition would result in the actual division of the lands sought to be partitioned, that partition would be such an alienation as is interdicted by the act of Congress requiring an order of the county court having jurisdiction of the estate to validate an alienation by a full-blood Indian heir of allotted lands.

When, however, it is remembered that, if the district court has jurisdiction to partition at all lands of a full-blood Indian heir, it must, if the condition arises, as provided for by our statutes, make an order of sale of the lands. Certainly this cannot be done in violation of the law of Congress governing the alienation of such lands. The district courts of this state are without jurisdiction to partition allotted lands of full-blood Indian heirs of the Five Civilized Tribes, inherited from a full-blood Indian of one of such tribes, and the court did not err in sustaining the demurrer to the petition.

This cause is affirmed.

By the Court: It is so ordered.