## BRUNER v. NORDMEYER et al.

No. 6857—Opinion Filed May 29, 1917.

Rehearing Denied July 10, 1917.

(166 Pac. 126.)

(Syllabus by the Court.)

### Indians—Allottee's Deed—Approval by Secretary of Interior—Validity.

A deed executed in 1907 by a full-blood Chickasaw heir, conveying lands allotted in October, 1906, where the allottee died in 1905, is void, without the approval of the Secretary of the Interior, under section 22 of the act of Congress of April 26, 1906 (34 Stat. 137, c. 1876).

Hardy and Rainey, JJ., dissenting.

Error from District Court, Pontotoc County; Tom D. McKeown, Judge.

Action to quiet title by G. E. Nordmeyer and others against J. M. Bruner. Judgment for plaintiffs, and defendant brings error. Affirmed.

See, also, 48 Okla. 415, 150 Pac. 159.

H. West and Stuart, Cruce & Cruce, for plaintiff in error.

C. F. Green and Wimbish & Duncan, for defendants in error.

OWEN, J. An action brought in the district court of Pontotoc county, by defendants in error, to quiet title to certain land allotted to the heirs of Vinie Underwood, deceased, a Chickasaw Indian. Vinie died in 1905, prior to receiving an allotment, leaving as her only heirs George and Susan Underwood, her father and mother. An allotment was selected by the administrator of Vinie's estate in October, 1906. In 1907, George Underwood, a full-blood Chickasaw Indian, executed a deed, under which plaintiff in error claims, purporting to convey his one-half interest in this allotment. This deed was not approved by the Secretary of the Interior. George died, leaving his wife, Susan, and a daughter, Lara, as his only heirs. In this action Lara claimed one-fourth interest in the land, alleging the deed from George was void, under the act of Congress of April, 1906 (34 Stat. L. 137), because it was not approved by the Secretary of the Interior. The lower court so held, and under the decisions of this court the judgment of the lower court must be affirmed. Cushing v. Whaley, 64 Okla. 1, 165 Pac. 135; Moffet v. Conley, 63 Okla. 3, 163 Pac. 118; Sampson v. Staples, 55 Okla. 547, 155 Pac. 213; Brader v. James, 49 Okla. 734, 154 Pac. 560.

There may be an additional reason for holding the deed in the instant case void

in this: The allotment was made in October, 1906, after the act of Congress of April 26, 1906, went into effect. The title passed to the heirs at the date of the allotment under the law in force at that time. The law at the date of the allotment, and not at the death of the allottee, controls as to when the title vests in the heirs. This was held in the cases of Brady v. Sizemore, 33 Okla. 169, 124 Pac. 615; Id., 235 U. S. 441, 35 Sup. Ct. 135, 59 L. Ed. 308; Woodward v. De Graffenried, 238 U. S. 284, 35 Sup. Ct. 764, 59 L. Ed. 1310; McKee v. Henry, 201 Fed. 74, 119 C. C. A. 412.

Plaintiff in error complains, also, of that portion of the judgment of the lower court ordering partition of the land between the defendants in error. The deed under which he claims from George Underwood being void, the other parties to the action not complaining, it is not necessary to pass on that question.

The judgment of the lower court is affirmed.

SHARP, C. J., and KANE, TURNER, THACKER, BRETT, and MILEY, JJ., concur. HARDY and RAINEY, JJ., dissent.