**LEWIS et al. v. GILLARD et al.
GARDNER et al. v. LEWIS et al.**

Nos. 8981, 9129—Opinion Filed June 25, 1918.

Rehearing Denied July 23, 1918.

(173 Pac. 1136.)

**1. Indians—"Alienation"—Partition.**

Partition of Indian lands is an "alienation" within the meaning of the federal law imposing restrictions thereon.

**2. Indians — Allotment — Partition—Jurisdiction of County Court.**

The county court is without jurisdiction to decree a partition of lands inherited by full-blood Indians of the Five Civilized Tribes from a deceased allottee, who was also a full-blood Indian of said tribe.

**3. Indians—Judgment—Collateral Attack—Void Judgment.**

The judgment of the county court, attempting to decree a partition of restricted Indian lands, is void, and may be attacked collaterally, notwithstanding the fact that the records of the proceedings in partition do not disclose that such lands are restricted.

(Syllabus by Pryor, C.)

Error from District Court, Carter County; W. F. Freeman, Judge.

Error from District Court, Marshall County.

Ejectment by Sarah Lewis and others against Jno. G. Gillard and others. Judgment for defendants, and plaintiffs bring error. Reversed, with directions to enter judgment for plaintiffs, except as to Webb Lewis.

Ejectment by Sarah Lewis and others against Buck Gardner and others. Judgment for plaintiffs, except as to Webb Lewis. and defendants bring error. Affirmed.

T. B. Orr and J. B. Moore, for plaintiffs in error and defendants in error,

Kennamer & Coakley, W. P. Davis, and Mason & Ahern, for defendants in error and plaintiffs in error.

Opinion by PRYOR, C. This is an action of ejectment commenced in the district court of Carter county, by the plaintiffs in error against the defendants in error, to recover certain lands. The lands in controversy were allotted to Jim Lewis, a full-blood Mississippi Choctaw Indian, as his proportionate share of the tribal lands of the Choctaw Nation. In 1904, after receiving his allotment, Jim Lewis died, leaving the plaintiffs as his heirs. Plaintiffs claim title to the land and the right to the immediate possession thereof by inheritance from the said Jim Lewis. The defendants claim title to the lands by reason of the following facts: That in the final distribution among the heirs of the said Jim Lewis of his property there was a partition proceeding had in the county court, whereby the lands were partitioned. On the recommendation of the commissioners appointed by the court that it would be to the best interests of the heirs that the lands should not be divided, and that one of the heirs should be vested with the title upon his payment into court the appraised value for the others' interest, Webb Lewis paid the appraised amount into court for the use of the other heirs, and on the 18th day of September, 1909, the county court adjudged that title be vested in Webb Lewis. Subsequently Webb Lewis made a conveyance of all of the land in controversy to John Gillard. This conveyance was approved by the county court in the manner provided for the approval of conveyances by full-blood Indians of inherited lands. In cause No. 8981 there was judgment for the defendants. In cause No. 9129 there was judgment for plaintiffs, except Webb Lewis; the trial court holding that he had conveyed his interest by the deed approved by the county court.

The only question involved in this action is the question of the jurisdiction of the county court to partition the lands in controversy. The lands in controversy were restricted lands, and could only be conveyed in the manner provided by Congress; conveyance could only be made by voluntary conveyance by the full-blood heirs approved by the county court having jurisdiction of the estate of the deceased. Brader v. James, 49 Okla. 734, 154 Pac. 560; Campson v. Staples, 55 Okla. 547, 155 Pac. 213; Moffett v. Conley, 65 Okla. 118, 163 Pac. 118; Sampson v. Smith, 64 Okla. 103, 166 Pac. 422. In the case of Coltman v. Battiest, 65 Okla. 71, 162 Pac. 786, this court held that partition is an alienation within the meaning of the term "alienation" as used in the act of Congress imposing restriction on alienation, and that an alienation by partition is in contravention of the acts of Congress, imposing restriction upon alienation of lands of this character, and that the district courts of the state have no jurisdiction to partition restricted lands. While the county court has authority to approve conveyances of full-blood heirs, its judicial authority to partition such lands is not greater than the district court. However, it is the contention of the defendants that this is a collateral attack upon the judgment of the court having jurisdiction. The county court was without any jurisdiction whatever to parti-

tion the lands and thereby alienate the same in contravention of the acts of Congress imposing restrictions upon alienation, and its judgment, in so far as it affects the lands or attempts to divest the heirs of the same, is a nullity. The court had no jurisdiction of the subject-matter.

The records in the partition proceedings in the county court fail to disclose that the heirs were full-blood Indians, or that the lands in controversy were restricted lands. The defendants contend that, it not appearing upon the face of the records that the court was without jurisdiction, the judgment of the county court for that reason is not subject to impeachment by collateral attack. This question has been settled by this court adversely to the contention of the defendants in the case of Barnard v. Bilby, 68 Okla. 63, 171 Pac. 444, in which it was held that, where the county court is without jurisdiction of the subject-matter, its judgment thereon may be attacked collaterally, and this notwithstanding the records fail to disclose that the court was without jurisdiction of the subject-matter. The controversy in cause No. 9129 is concerning a part of the same allotment and the same questions raised in cause No. 8981. The decision in this case (No. 8981) settles the questions raised in that case. The county court not having jurisdiction to partition said lands, the attempted judgment of partition of said court did not operate to divest plaintiffs of their title to said lands, and the defendants acquired no title by such judgment.

The plaintiff Sarah Lewis was the wife of the allottee, Jim Lewis. Whatever claim she has in the lands in controversy is by reason of her dower right. The only defense that the defendants have to her claim is that her claim to dower is barred by the statute of limitations. The fact that the conveyance of Webb Lewis, approved by the county court in the manner prescribed by the acts of Congress for the conveyance of full-blood Indian heirs, conveyed his interest to the defendant in error makes it necessary to decide this question. The allottee died in 1904, and the right of dower is fixed by the statutes of Arkansas in force in the Indian Territory before statehood. The statute of limitations of Arkansas governs all causes of action accruing while the Arkansas law was in force, before statehood. Patterson v. Rousney, 58 Okla. 185, 159 Pac. 636. In an action to determine dower, the statute of limitations runs against the widow's right of dower in favor of a stranger, but not in favor of heirs. Stidham v. Matthews, 9 Ark. 651; Livingston v. Cochran, 33 Ark. 294. There was no adverse claim asserted to the widow's right of dower until after the 20th day of September, 1909, which was based upon the purported sale of Webb Lewis, and this action was commenced in January, 1916, less than the seven-year period fixed by the Arkansas statutes for the commencement of such actions. That the widow of a deceased member of the Choctaw Tribe of Indians has dower right has been determined by this court. Cook v. Childs, 49 Okla. 321, 152 Pac. 88; Powell v. Crittenden, 57 Okla. 1, 156 Pac. 661. Under the foregoing authorities it must be held that Sarah Lewis was entitled to dower in the lands in controversy, and that her right to dower was not barred by the statute of limitations.

Therefore, the judgment of the district court in cause No. 8981 is reversed, with directions to the court to enter judgment for the plaintiff, except as to Webb Lewis: and in cause No. 9129, the judgment of the district court is affirmed.

By the Court: It is so ordered.