**HOODENPYL et al. v. CHAMPION.**

No. 9191—Opinion Filed Dec. 24, 1918.

(177 Pac. 369.)

**Indians—Partition—Jurisdiction of District Courts.**

The district courts of Oklahoma are without jurisdiction to entertain an action for the partition of real estate inherited by full-blood Indians of the Five Civilized Tribes from a deceased allottee, who was also a full-blood Indian of one of said tribes.

(Syllabus by Davis, C.)

Error from District Court, Hughes County; Geo. C. Crump, Judge.

Action for partition by J. M. Champion against P. A. Hoodenpyl and Addie Davis by her guardian ad litem and L. W. Crutcher, with answer and cross-petition by defendant Hoodenpyl. Motion challenging the court's jurisdiction overruled, and judgment

rendered determining the interests of the respective parties. motion for new trial overruled, and defendants bring error. Reversed and remanded, with directions to dismiss.

P. A. M. Hoodenpyl, C. W. Holbrook, and L. W. Crutcher, for plaintiffs in error.

V. V. Harris, for defendant in error.

Opinion by DAVIS, C. This action was begun in the district court of Hughes county. Okla., by J. M. Champion, defendant in error, plaintiff in the district court, against P. A. M. Hoodenpyl, George Davis, Addie Davis, and A. J. Yokes, as defendants.

All the parties made defendants in the trial court were subsequent to the filing of the petition eliminated, and the only issues presented and tried were those relating to the interest of Mr. Champion. Mr. Hoodenpyl, and Addie Davis, a minor.

The parties will be referred to as they appeared in the trial court. This action was begun to partition the north half of the southeast quarter of the southwest quarter of the southeast quarter, and the southwest quarter of the southwest quarter, of section 35. township 7 north, range 8 east I. M.

John Homer, a member of the Creek Tribe of Indians and duly enrolled opposite No. 9000, died intestate on or about the 13th day of May, 1899, and thereafter an allotment of land was set aside for his heirs and patent duly issued. The tract of land in controversy is a part of this allotment. The plaintiff in this action acquired a considerable interest in this allotment and some time prior to the institution of this action went into possession thereof. The petition is in the usual form. An answer and cross-petition was filed by defendant Hoodenpyl, in which he requested to be adjudged the owner of a two-ninths interest in said tract of land. Upon a proper motion being presented to the court, L. W. Crutcher was appointed guardian ad litem for the defendant Addie Davis.

A special motion was filed by the regularly appointed guardian of Addie Davis, William P. Morton. as well as a motion by her guardian ad litem, in which the jurisdiction of the court was challenged to hear and determine said action. The ground of this motion was that Addie Davis was a full-blood member of the Creek Nation, and by reason thereof the district court was without jurisdiction to entertain an action wherein it was sought to partition real estate in which said minor had an interest; that the county court of Okmulgee county, Okla., was the sole and only court having jurisdiction of the person and estate of said minor. This motion was

overruled, and the court proceeded to hear the evidence. After hearing said evidence, a judgment and decree was rendered in which the respective interest of the parties was determined and the land in controversy ordered partitioned as provided by law. A motion for a new trial was filed and overruled. From the action of the court in overruling said motion, an appeal is prosecuted to this court.

The only question necessary to consider in this case is whether or not the district court had any jurisdiction to entertain this action and render any judgment. There is no controversy but that the land in controversy was allotted to John Homer, a full-blood member of the Creek Tribe of Indian, or that Addie Davis is a full-blood member of the Creek Nation, and that the interest which she has in the real estate in controversy descended to her as one of the heirs of John Homer, deceased. This being true, the district court was without jurisdiction to entertain an action which had for its purpose the partitioning of said real estate.

The question was settled in the case of Coleman v. Battiest, 65 Okla. 71, 162 Pac. 786. In the foregoing case an action was instituted to partition certain real estate in which a full-blood Indian heir had an interest. The rule in reference to the jurisdiction of the district court to entertain said action was stated as follows:

"The district courts of this state are without jurisdiction to partition allotted lands of full-blood Indian heirs of the Five Civilized Tribes, inherited from a full-blood Indian of one of such tribes, and the court did not err in sustaining the demurrer to the petition."

The issues presented in the case of Coleman v. Battiest, supra, are identical with the issues presented in the instant case, and the rule announced therein is decisive of the present case.

We therefore recommend that the judgment be reversed, and the cause remanded to the district court of Hughes county, Okla., with direction to dismiss the same.

PER CURIAM. The action for partition having been instituted prior to the passage of the act of Congress approved June 14, 1918 (U. S. Comp. St. 1918, Append. §§ 4234a, 4234b), entitled "An act to provide for a determination of heirship in cases of deceased members of the Cherokee, Choctaw, Chickasaw, Creek, and Seminole Tribes of Indians in Oklahoma, conferring jurisdiction upon district courts to partition lands belonging to full-blood heirs of allottees of the Five Civilized Tribes, and for other purposes," the opinion is approved.