**EYSENBACH et al. v. NAHARKEY.**

No. 13931—Opinion Filed April 13, 1926.

(Syllabus.)

1. **Indians—Conveyances of Inherited Land by Full-Blood Creeks — Restrictions — Decree of Partition Among Heirs as Void "Alienation."**

Section 22 of the Act of Congress of April 26, 1906, made the land inherited by full-blood citizens of the Creek Nation inalienable, except as therein provided as to approval. Brader v. James (U. S.) 62 L. Ed. 591; Tally v. Burgess (U. S.) 62 L. Ed. 600. A decree in partition between full-blood heirs is such an alienation as is prohibited thereby. A decree in partition rendered by the United States Court for the Western District of the Indian Territory of such land between such heirs is void for want of jurisdiction of the subject-matter.

2. **Same — Extent of Adoption of Laws of Arkansas—Widow's Inheritance of Child's Part.**

The Act of Congress of May 2, 1890 (26 Stat. at L. 81), extending, among others, chapter 53 of Mansfield's Digest of the Statutes of Arkansas, placed all the provisions therein published in force in Indian Territory, except in so far as they were inapplicable or inoperative under its provisions. Section 2599 thereof, when substantially complied with, gave the widow a child's part in her deceased husband's estate. Scott v. Morris Natl. Bank, 109 Okla. 276, 235 Pac. 912, in so far as same conflicts herewith, is overruled.

3. **Covenants—Partial Breach of Warranty —Measure of Damages.**

Where the breach of warranty to land is only partial, the measure of damage is the same partial part of the money paid the grantor and the value of the improvements placed thereon by grantee, with interest from eviction.

4. **Same—Recovery by Grantee for Attorney's Fee.**

Under sections 5263 and 5264, also 5265, C. O. S. 1921, the grantee is entitled to reasonable attorney fees as an element of damages for breach of warranty, when there is a recovery for such breach.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by Sammie Naharkey against O. K. Eysenbach and others. Judgment for plaintiff, and defendants appeal. Affirmed in part, and reversed and modified in part.

Former opinion, reported in 110 Okla. 207, 236 Pac. 619, withdrawn.

Stuart, Cruce & Bland, E. J. Doerner, and Paul P. Pinkerton, for plaintiffs in error.

Lashley & Rambo and John D. Wakely, for defendant in error.

BRANSON, V. C. J. The motion to modify the opinion filed December 16, 1924, in effect represents for further consideration the entire record, and the positions of the respective parties.

Sammie Naharkey sued W. E. Hardesty in the district court of Tulsa county, alleging that he was the legal and equitable owner of an undivided three-fourths interest in the east half of the northeast quarter of the southwest quarter; and the east half of the southeast quarter of the southwest quarter of section twenty-six (26) township nineteen (19) north, range twelve (12) east, in said county.

O. K. Eysenbach and Bessie C. Eysenbach had sold the said described land to the said defendant, W. E. Hardesty, by warranty deed. To defend their warranty, they intervened, and issues were joined between the plaintiff and defendant, as well as between the defendant and the interveners, the Eysenbachs.

Judgment was rendered in the district court in favor of the plaintiff, for the recovery of the interest in said land sued for, to wit, a three-fourths interest; in favor of Hardesty against interveners Eysenbachs, on their warranty for rentals, royalties, and profits arising from the land, and for attorney's fee for an attorney employed by the defendant Hardesty. Petition in error is filed herein by the Eysenbachs, and also a petition in error is filed by the defendant Hardesty. These petitions in error call in question the correctness of the judgment of the trial court in all its particulars.

The motion now before the court, filed by attorneys for the plaintiff, Sammie Naharkey, waives the rentals, royalties, and bonuses sought and recovered by the judgment of the lower court; so the controversy is, first, as to the interest, if any, the plaintiff was entitled to recover in and to the land; second, the amount of recovery by the defendant Hardesty against the interveners. the Eysenbachs, on the warranty; and third, whether Hardesty could recover reasonable attorney fees for an attorney employed by himself.

The facts in this case are considerably involved. A succinct and brief statement is more conducive to clarity than details, and a review of the entire record convinces us that there were errors in th original opinion which are apparent under the conclusions of law reached. The original opinion must,

therefore, be withdrawn and our conclusions set forth herein substituted in lieu thereof.

The said land particularly described in plaintiff's petition is 40 acres. It was once the property of one Millie Naharkey. She became the owner thereof by reason of the fact that she was a citizen by blood of the Creek Nation, and it was allotted and conveyed to her during her lifetime, by a patent duly issued by the Creek Nation and the government of the United States, acting under authority of the numerous acts of Congress directing the enrollment and allotment of lands belonging to the Creek Tribe of Indians among the citizens of said tribe. She was the wife of Moses Naharkey. She died in the year 1901, and at a time when the Creek law of descent and distribution governed the devolution of her said land, placed in effect by the Original Creek Agreement of March 1, 1901. She was survived by her husband, Moses Naharkey, and her son, Sammie Naharkey (the plaintiff herein). Under said Creek law, Moses, the husband, took the fee to one-half of said land, and Sammie the fee to the other one-half. Moses thereafter married a second wife, in the person of Martha Naharkey (nee Red), also a full-blood citizen of the Creek Nation. To this latter marriage a child was born, in the year 1904, which child was named Millie. It is referred to in the briefs as "Little Millie," to distinguish this child from the first wife of Moses. In the year 1905, Moses was the owner of an undivided half of the said land so inherited as above set out, and was in said year the husband of the said Martha, his second wife, and the father of the said "Little Millie." In said last-named year, Moses died intestate, and at that time the law of descent and distribution, as well as the law governing the rights of a widow in lands of a deceased husband, as placed in force by the Act of Congress of May 2, 1890, was the law of the forum, and governed the devolution of the interest the said Moses Naharkey owned in the said 40 acres of land.

For the reasons hereinafter given, we reach the conclusion that said Martha Naharkey, the second wife, and Sammie Naharkey, the son of the first wife, Millie, and "Little Millie," the daughter of the second wife, Martha, each inherited from Moses his interest in the said 40 acres, share and share alike. That is to say, Moses having died seized of an undivided half, Martha took one-third thereof, or one-sixth, Sammie took one-third thereof, or one-sixth, and "Little Millie" took one-third thereof, or one-sixth. Having reached this conclusion, the plaintiff,

Sammie Naharkey, was the owner of one-half of the said 40 acres, which he inherited directly from his mother, Millie, and one-sixth of the said 40 acres, which he inherited from his father, Moses. That is to say, if he was entitled to recover, as we conclude he was, his recovery was limited to one-half, plus one-sixth, which is two-thirds, instead of the three-fourths prayed in his petition.

The above conclusion is correct, if as a matter of law the said Martha took a child's part in the estate of her husband, Moses, upon his death in 1905. Whether or not she took this interest revolves around the contention as to whether section 2599 of Mansfield's Digest of the Statutes of Arkansas was part of the law of the forum, and whether or not the said Martha complied with the provisions of said section.

Section 2599 provides:

"The widow of any deceased person who shall file in the office of the clerk of the court of probate, or with the probate court of the proper county, a relinquishment of her right of dower in and out of the estate of her deceased husband, shall be entitled to receive of the estate, of which her said husband died seized and possessed, whether real, personal or mixed, a portion or share thereof, absolutely in her own right, equal to that of a child, which shall be set aside and delivered to her as now provided by the law of dower."

It is insisted by the plaintiff that the act of Congress of May 2, 1890 (26 St. at L. 81), which extended certain chapters of Mansfield's Digest of the Statutes of Arkansas over the Indian Territory, of which the Creek Nation was a part, in reality placed in effect only the provisions of the said chapters which were "in force" in the state of Arkansas at the close of the Legislature in 1883, and that said section quoted supra had been held by the Supreme Court of Arkansas not to be "in force" as part of the law of that state at the time mentioned in the said act of Congress. It is conceded, however, in making this contention, that the said section was found published as a part of chapter 53 of said Mansfield's Digest. We think this contention is foreclosed by an interpretation given to said extending act of May 2, 1899, by the Supreme Court of the United States, in the case of Gidney v. Chappel, 241 U. S. 99, 60 L. Ed. 911, in an opinion written by Mr. Justice Van Devanter, wherein it was by the said court stated, in discussing the said act (not this section, but one of similar status):

"Congress did not intend to make the ex-

tension or nonextension of such law to depend upon the question of whether they were in force in the state from which they were adopted."

Ardmore Coal Co. v. Bevil, 61 Fed. 757; Leak Glove Mfg. Co. v. Needles, 69 Fed. 68; Perryman v. Woodward, 37 Okla. 792, 133 Pac. 244; Chappel v. Gidney, 38 Okla. 596, 134 Pac. 859; Scott v. Morris Natl. Bank, 109 Okla. 276, 235 Pac. 912, in so far as same is in conflict herewith, is overruled.

The said Martha, as above stated, took a child's part in the said land, on the further condition that she complied with said provision of the statute. It is insisted that the record fails to disclose that she did comply with the same by waiving dower and electing to take a child's part. The record shows that a certain suit or proceeding was instituted in the United States Court for the Western District of the Indian Territory, sitting at Tulsa, in February, 1907; that this suit was instituted by Sammie Naharkey against the said Martha Naharkey and "Little Millie" Naharkey, and was for a determination of ownership in and to the above-described land, together with other lands, and for partition thereof. A decree was entered in said cause, after trial, which was two-fold in its effect in this, to wit: That it found that Martha Naharkey had waived her right of dower, and was entitled to a child's part in the interest of Moses Naharkey in said land; that "Little Millie" was entitled to a child's part, and that Sammie was entitled to a child's part, each taking one-third; and second, said decree found that the land should be partitioned.

We think that in the action as there brought the United States court had jurisdiction to determine in such adversary proceeding the respective interests of the parties in and to the real estate, and that its finding in the said above-named suit as to waiver of dower and election to take a child's part had been complied with by Martha is conclusive on that question, and operated to fix her interest in the estate of which the said Moses died seized at one-third thereof. The said judgment, however, in the said United States court, as stated above, went further, and undertook to partition the real estate described therein, which was the allotment of Millie Naharkey (senior) and Moses Naharkey. The trial court found that this decree was void. We agree with this finding, in so far as the decree undertook the partition of the real estate. We reach this conclusion for that in the Act of Congress of April 26, 1906, section 22 thereof restricted the inherited land of full-blood citizens of the Creek Tribe of Indians against alienation, and no alienation of lands such as involved in said suit could be made, except as by the national Congress provided. The decree, in attempting to partition the land, was in effect an alienation of certain portions of the land away from certain heirs, purporting to vest the title thereof in other heirs and the court was without jurisdiction at that time of the subject-matter. Coleman v. Battiest, 65 Okla. 71, 162 Pac. 786.

The next matter which concerns us on a proper determination of this appeal is the question of whether or not Hardesty is entitled to recover $400 as attorney fees. Construing sections 5263, 5264, and 5265, C. O. S. 1921, together, we think that when a grantee sues upon his warranty, he is entitled to recover, if at all, among other damages, that of reasonable attorney fees.

The next matter presented by the petition in error is the question of the recovery of the defendant Hardesty as against the interveners, the Eysenbachs, on their warranty. It is not in dispute that the amount paid by Hardesty to the said interveners was $1,600, and that the improvements placed on the land were at a cost of $1,000. The warranty being partially breached by the final judgment to be entered herein, to the extent of two-thirds, we think that the judgment on the warranty in favor of the defendant Hardesty against the interveners the Eysenbachs, should be two-thirds of $1,600, with interest thereon from the date of eviction. Interveners make no complaint against the judgment for the value of the improvements, but say it should be the proportion as the amount of the land as to which title failed. In addition to above, judgment should be against the warrantors for two-thirds of the said $1,000.

The judgment of the trial court, in so far as the same finds and adjudges that the decree of partition entered in 1907, by the United States Court for the Western District of the Indian Territory, undertook to set aside and partition the real estate therein described, was void, and in so far as it fixes defendant's attorney fees is affirmed; the judgment of the trial court is modified to the extent of allowing the plaintiff to recover only a two-thirds undivided interest as against the defendant in the said real estate; the judgment in favor of Hardesty as against the Eysenbachs should be two-thirds of $1,600, and two-thirds of the value of the

improvements, or the sum of $666.67, with interest from eviction.

The cause is remanded to the district court, with direction to enter judgment forthwith, as indicated above.

NICHOLSON, C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur. Justice CLARK dissents to syllabus No. 3 for that the reason same is in conflict with section 5264, C. O. S. 1921, as he considers it should be interpreted.

Note.—See under (1) 31 C. J. p. 514 § 79: p. 516 § 80.    (2) 31 C. J. p. 523 § 96. (3) 15 C. J. p. 1321 § 224; 7 R. C. L. p. 1170; 2 R. C. L. Supp. 520.    (4) 15 C. J. p. 1333 § 243; 7 R. C. L. p. 1170.