## MAXWELL v. GILLESPEY, Sheriff.

No. 15924—Opinion Filed Nov. 17, 1925.

Rehearing Denied Feb. 2, 1926.

1. **Fraudulent Conveyances — Levy of Execution on Real Estate by Judgment Creditor Without Action to Cancel Conveyance.**

A judgment creditor may cause an execution to be levied on real estate, which his debtor has fraudulently transferred for the purpose of defeating levy thereon and collection of the debt. The judgment creditor

is not required to cancel the alleged fraudulent conveyance in an equitable proceeding before causing levy to be made upon the property.

## 2. Same — Injunction by Grantee Against Levy.

The grantee of the debtor may, however, bring an action against the sheriff to enjoin him from levying the execution upon the real estate so conveyed, and the question of the validity of the conveyance will be determined in the action.

## 3. Appeal and Error — Review of Evidence in Equity Case.

This court will weigh the evidence in a case of purely equitable cognizance, but will not reverse the same, unless it be clearly against the weight of the evidence.

## 4. Same—Judgment not Sustained.

Record examined; held, to be insufficient to support judgment in favor of the defendant.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Nowata County; C. H. Baskin, Judge.

Action by M. Grace Maxwell against W. F. Gillespey, as sheriff of Nowata County, to enjoin the latter from levying an execution upon an interest in real estate owned by the plaintiff. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

J. R. Charlton and S. A. Horton, for plaintiff in error.

Glass & Calvert, for defendant in error.

Opinion by STEPHENSON, C. Earnest Brannon commenced his action for debt against Joseph F. Gaume in the district court of Nowata county. The latter was then the owner of an undivided 7-16ths interest in an oil and gas lease covering lands situated in Nowata county. Gaume entered into an agreement in writing with M. Grace Maxwell on October 18, 1921, for the sale of the interest. The agreement set forth that Jos. F. Gaume then owed M. Grace Maxwell the sum of $8,500, as evidenced by a certain promissory note executed and delivered by Gaume. The writing further set forth that in consideration of M. Grace Maxwell loaning to the first party the further sum of $1,500, making a total of $10,000, that the first party would assign the 7-16ths interest in the oil lease to the second party, if he did not pay to her the said sum of $10,000 before October 18, 1922. Thereafter, and on the 5th day of November, 1922,

Gaume executed and delivered his written assignment to M. Grace Maxwell conveying to her said undivided 7-16ths interest in the oil and gas lease pursuant to the written agreement. Thereafter, the case of Brannon against Gaume came on for trial on the 13th day of February, 1923, which resulted in a judgment in favor of the plaintiff and against Gaume for the sum of $950. M. Grace Maxwell caused the written agreement and assignment of the undivided 7-16ths interest in the oil lease to be filed for record in the county clerk's office of Nowata county on March 9, 1923. Thereafter, Earnest Brannon caused execution to be issued out of the case against Gaume, and delivered to the sheriff of Nowata county for service. The sheriff caused execution to be levied upon the undivided 7-16ths interest in the oil lease in question, and was proceeding to sell the property by public notice, as provided by law. M. Grace Maxwell then commenced her action in the district court of Nowata county against W. F. Gillespey, as sheriff of that county, to enjoin the latter from selling the interest so levied upon, setting forth that she was the owner of the property for value. The trial of the cause resulted in a judgment in favor of the defendant. The plaintiff has appealed the cause here and assigns several rulings of the court in the trial of the cause as error for reversal here: (1) That the judgment is against the evidence. (2) That the judgment is contrary to law.

The judgment creditor may cause an execution to be levied upon property his debtor conveys, if the transfer is fraudulent, and for the purpose of defeating the levy and collection of the debt. The judgment creditor is not required to bring his action to cancel the deed of conveyance on account of the alleged fraud before making the levy. The judgment creditor may treat the title for the purpose of causing the levy to be made, as if it were still in the judgment debtor, where the conveyance is made by the latter for the purpose of defeating the levy and collection of the debt. Lynch v. Burt, 132 Fed. 417, 67 C. C. A. 305; Gumm v. Hardy, 130 Ala. 642; Hershy v. Lathan, 42 Ark. 305; Judson v. Lyford, 84 Cal. 505, 24 Pac. 286.

However, the grantee in the alleged fraudulent conveyance may bring an equitable action against the sheriff to enjoin the latter from making the levy and sale of the property as was done in this case. The question of the validity of the conveyance between the judgment debtor and grantee,

who brings the injunction action, may be determined in the proceeding. Buffalo v. Letson, 33 Okla. 261, 124 Pac. 968.

The petition of the plaintiff in this action sets forth that she was the owner of the lease interest levied upon, purchased for value and in good faith; that the conveyance was free from fraud in every respect.

The sheriff answered by setting forth that the conveyance sought to be enjoined was the result of fraudulent and collusive acts between Gaume and the plaintiff; that the conveyance was made without consideration and for the purpose of preventing the levy of an execution thereon, and to defeat Brannon in the collection of his debt against Gaume.

The filing of the contract and the assignment of the lease interest bearing dates prior to judgment, after the rendition of the judgment in favor of Brannon, do not result in the property passing to the grantee charged with a lien in favor of the judgment creditor. Adams v. White, 40 Okla. 535, 139 Pac. 514; Lunn v. Kellison, 66 Okla. 168; 153 Pac. 1136; Okla. State Bank v. Burnett, 65 Okla. 74, 162 Pac. 1124; Farm State Bank v. Keen, 66 Okla. 62, 167 Pac. 207.

In the trial of this case, the plaintiff introduced in evidence the written contract and the assignment of the lease made pursuant thereto. She introduced in evidence a note in the principal sum of $8,500 executed and delivered to her by Gaume, which is the note described in the written agreement. The plaintiff placed the party, who loaned her the $1,500 referred to in the written agreement, on the stand. The witness testified that Gaume was with the plaintiff when the loan was made to her of the $1,500. The plaintiff introduced a note executed and delivered to the lender of the $1,500, and also introduced in evidence a mortgage given upon her real estate to secure the payment of the $1,500. The plaintiff testified that she procured the $1,500 for the purpone of lending to Gaume, and that she made the loan of $1,500 to Gaume as set forth in the written agreement. The plaintiff testified that Gaume made default in the payment of the $10,000, according to the terms of the written agreement, and pursuant to the written agreement Gaume executed and assigned the undivided 7-16ths interest in the oil lease to her. The evidence further showed that plaintiff owned oil leases in California, Arkansas, Texas, Louisiana, and Oklahoma, and that she was engaged in drilling leases and had oil production at Barnsdale, Okla.; that she had production at other places, and the defendant proved by the plaintiff that Gaume owned oil leases in his own right in the several states named. The defendant did not offer any evidence to dispute the testimony of the plaintiff in this particular. The evidence did not show that Gaume was insolvent at the time he made the written assignment of the lease interest, or that the assignment caused the insolvency of Gaume. When a debtor is in failing or insolvent condition, he has the right to prefer one creditor over another, and if accepted by the creditor in good faith, the preference will be sustained. Kentucky Bank & Trust Co. v. Pritchett, 44 Okla. 87, 143 Pac. 338.

The defendant failed to overcome the proof of the plaintiff showing that the deed was not fraudulent. The defendant failed to show in his proof that Gaume was insolvent at the time the conveyance was made, or that the conveyance resulted in insolvency. Okla. Nat. Bank v. Cobb, 52 Okla. 654, 153 Pac. 134; First Nat. Bank v. Taylor, 74 Okla. 14, 176 Pac. 926; Hoppe Hdw. Co. v. Bain, Sheriff, 21 Okla. 177, 95 Pac. 765.

The judgment denying the injunction was clearly against the weight of all the evidence in this case. The plaintiff was entitled to the relief prayed for upon the record made in the trial of this case.

The judgment is reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 27 C. J. pp. 704, 705, §541. (2) 27 C. J. p. 666, §446. (3) 4 C. J. pp. 897, §2867; 900 §2869: 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91. (4) 4 C. J. p. 1164, §3181.