## MORAN v. PRYOR et al.

No. 15835—Opinion Filed May 11, 1926.

**1. Appeal and Error—Review of Evidence in Case of Equitable Cognizance.**

This court will weigh the evidence in a case of purely equitable cognizance, but will not reverse the same. unless it be clearly against the weight of the evidence.

**2. Vendor and Purchaser—Right of Vendee to Rescind for Defects of Title.**

Record examined; held, to be insufficient to deny cancellation of sale, and is insufficient to support judgment in favor of J. T. Pryor foreclosing a mortgage.

(Syllabus by Stephenson. C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Murray County; A. C. Barrett, Judge.

Action by J. L. Moran against J. T. Pryor and wife to cancel a sale and conveyance of real estate. Cross-action by J. T. Pryor and wife to foreclose a mortgage against plaintiff on the premises. Judgment against J. L. Moran denying cancellation, and judgment for J. T. Pryor foreclosing mortgage. Plaintiff brings error. Reversed and remanded, with directions.

Young, Haste & Powell and Blanton, Osborn & Curtis, for plaintiff in error.

E. W. Fagan. for defendants in error.

Opinion by STEPHENSON, C. A contract in writing was entered into between J. T. Pryor and wife, as first parties, and J. L. Moran, as the second party, on July 20, 1922, whereby the first parties bound themselves to sell and convey an undivided one-half in-

terest in the Bromide Hotel, together with certain lots, in the city of Sulphur, Okla. A supplemental contract was entered into between the parties on the 10th day of August, 1922, to the effect:

(1) That the first parties should sell and convey the one-half undivided interest in the property for the consideration of $3,000, to be paid in cash, when the first parties furnished an abstract showing a merchantable title to the property; that notes should be executed for the balance of the consideration in the sum of $6,500, and a mortgage executed on the premises to secure the payment of the notes.

(2) It was provided that the first parties should have until October 10th to furnish the abstract of title, and that the $3 000 should remain in escrow, with the contract, in the Farmers National Bank, of Sulphur.

The plaintiff went into possession of the property under the contract of conveyance. The plaintiff paid the $3,000, and executed and delivered the $6,500 in notes, with a mortgage to secure the payment thereof, and delivered the same to Pryor. Pryor executed and delivered warranty deed to Moran bearing date as of July 20, 1922. Later Moran paid one of the $1,000 notes. Moran commenced his action in August, 1923, to cancel the contract and sale. Pryor filed a cross-action for foreclosure of his mortgage in about the sum of $5,500. The trial of the cause resulted in judgment denying cancellation of the sale and for judgment in favor of Pryor ordering the foreclosure of the mortgage. Moran has appealed the cause here, and assigns several rulings made in the trial of the cause as error for reversal herein. The main errors assigned are: (1) That the judgment is contrary to the law. (2) That the judgment is against the weight of the evidence.

The substance of plaintiff's petition for cancellation of the sale is: (1) Allegations setting forth the matters heretofore detailed. (2) That the defendant pointed out to him the lines of the property before he purchased the same and that the lines of the property as pointed out to him included a bathing pool, which was considered one of the main inducements for the purchase of the property. (3) That the defendant represented to him that he had a good merchantable title to the property.

The answer of J. T. Pryor to these allegations is in the nature of a general denial. The answer further set forth that if the bathing pool was located upon the property

of the city and that of the United States, the defendant was not so advised and did not know of such fact at the time of the sale.

The record indicates that both plaintiff and defendant were not experienced in handling matters of business, and each of the parties did not exercise that care and concern for the matters involved in this transaction that reasonably prudent men show in the concern of their own business interests.

It appears from the evidence that both parties relied on one attorney for the preparation of the written contract and the papers in connection with the sale. The defendant stated to the plaintiff, after the contract for sale was entered into, that Parks, the owner of the other undivided one-half interest, had the abstract of the property in his possession; that if the plaintiff would agree for a delay in the furnishing of the abstract, the defendant would be able to procure the abstract from Parks and save the cost of preparing a new record of the title. It appears that the plaintiff later agreed to give the defendant until January, 1923, to procure and furnish an abstract showing a merchantable title to the property. It appears that during all these times both parties were consulting the same attorney and relying upon the same attorney for advice in connection with matters pertaining to the sale. It appears from the evidence that the attorney in question, before the procurement of the abstract, examined the records at the county seat and advised this plaintiff that the title was perfect, with the exception that two judgments against the defendant, which would be liens upon the property, remained unsatisfied; that the two judgments would become dormant sometime in the latter part of the year 1922, if executions were not issued thereon. It appears that the purpose of deferring the furnishing of the abstract until January 1, 1923, was to permit the judgments to become dormant. In this situation, the plaintiff paid the $3.000 to the defendant, and executed and delivered notes and mortgage on the property to secure the balance of the purchase price in the sum of $6,500. The defendant left Sulphur after receiving the $3,-000, and did not return until April, 1923. The plaintiff commenced making certain improvements on the property in the early summer of 1923, in order to take care of the tourist business for that season. A part of the improvements was the construction of a dining room to the hotel. About the

time the dining room was completed the mayor of the city of Sulphur advised plaintiff that the building extended on to the street of the city of Sulphur, and that the building must be removed from the city property. The city of Sulphur paved a street in the vicinity of the Bromide Hotel later, and according to the location of the pavement it was made to appear to the plaintiff that the bathing pool was located, · in part, in the street of the city of Sulphur as platted, to the extent of about 15 or 20 feet. It appears from the evidence that if the bathing pool had been upon the property, and the property situated so as to include the bathing pool, the dining room would have been upon the property purchased by the plaintiff from the defendant.

The plaintiff had paid one of the $1,000 notes in the meantime. When it became apparent that a part of the bathing pool was on the property of the city and government, and that the lines of the property were different from those which plaintiff claimed the defendant pointed out to him, the plaintiff became concerned about his title. The plaintiff finally procured an abstract of the title, which was submitted to Judge Young, a member of the Sulphur bar, for examination. Among the several defects disclosed by the record title were:

(1) A deed showing to have been acknowledged before a notary public in Montg·mery county, Okla.

(2) A deed acknowledged before an officer in the state of Texas, who designated his official title as justice of the peace.

(3) An action pending for the enforcement of a lien against Pryor upon the land in question in the sum of $1,500, which showed that a verdict had been returned in the cause for the defendant, but no judgment of the court thereon.

(4) A grantor in another deed failed to show whether he was single or married.

The defendant became bound by his written agreement with the plaintiff to convey a merchantable title to the plaintiff for the $3,000 cash and notes and mortgage for the sum of $6,500. It is quite clear that the defendant has failed to deliver to the plaintiff the kind of title he bound himself to convey for the consideration set forth in the contract.

No waiver or estoppel in relation to the kind of title to be conveyed was pleaded. The answer of the defendant, in relation to the defects of the title charged by the plaintiff, was in the nature of a general denial. The single question presented by the pleading is the truth or falsity of the allegations of the plaintiff. According to the testimony of both parties, each had a survey made of the property and each made proof of such survey. There is a conflict between the evidence of the surveyors as to the location of the property lines, but according to the testimony of both, the bathing pool is, in part, upon the city property. The defects in the title to which we have referred are not disputed by the defendant. The defendant in oral argument seemed to rely mainly upon waiver, or estoppel, against the plaintiff to assert the defects in title. The defendant did not plead waiver, or estoppel, as a defense, and we do not know upon what state of facts the defendant relies in this respect. Suffice it to say that this defense must be pleaded in order to avail the defendant. Holt v. Holt, 23 Okla. 639, 102 Pac. 187; Nance v. Okla. Fire Ins. Co., 31 Okla. 208, 120 Pac. 948; Federal Mutual Life Ins. Co. v. Dean, 57 Okla. 84, 156 Pac. 304.

The finding of the issue in favor of the defendant, that the latter conveyed a merchantable title to the plaintiff, is against the weight of the evidence. This court will weigh the evidence in a case of purely equitable cognizance upon appeal, but will not reverse the judgment unless it be clearly against the weight of the evidence.

It follows that the judgment ordering the foreclosure of the mortgage in favor of the defendant upon his cross-action is also against the weight of the evidence. The evidence is not clear as to the value of the improvements made by the plaintiff upon the property, and at what stage in the course of making the improvements the plaintiff discovered that the building was upon the property of the city. If the plaintiff did not discover that the dining room was upon the property of the city until it was completed to the point of placing roofing upon the building, or was virtually completed, the plaintiff would be entitled to recover his expenditure for such improvements, and for such other improvements as he made prior to discovering that the original improvements were placed, in part, upon the property of the city and government. The plaintiff is entitled to a judgment canceling the sale and conveyance, and for a money judgment against the defendant for $4,000 paid upon the consideration, with interest at the rate of 6 per cent. per annum from the date of payment. The defendant Pryor is entitled to recover one-half of the reasonable rental

value of the property during the time he has been out of possession. The plaintiff should be allowed recovery for any taxes he has paid upon his undivided one-half interest in the property. His right of recovery for any improvements relates only to one-half the value thereof. An equitable lien should be declared in favor of the plaintiff, and upon the undivided one-half interest in the property, to secure the payment of the sums of money found to be due the plaintiff. Judgment should be entered in favor of the plaintiff and against the defendant canceling the notes and mortgage in question.

The judgment is reversed, and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 900 § 2869; 2 R. C. L. p. 203; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. 91; 5 R. C. L. Supp. p. 81. (2) 9 C. J. p. 1188 § 54; 39 Cyc. 1413.