## HAUSAM v. GRAY et al.

No. 18335.   Opinion Filed Jan. 10, 1928.

(Syllabus.)

**Vendor and Purchaser—Specific Performance —Failure of Plaintiff to Show Merchantable Title.**

Where parties to a contract to exchange properties agree to deliver abstracts of title to their respective properties showing merchantable title with the right of either party to correct defects, and it appears on the one hand that descent is necessary to be shown in the record of title, the furnishing of a certified copy of an order of the proper county court barring claims and determining heirship in correction of such defect, which does not appear to be a final decree closing the estate and does not show that the expense of administration has been paid, does

not meet the condition of the contract to deliver an abstract showing merchantable title. And in an action in such case to compel specific performance of the contract, such relief will be denied.

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; C. S. Walker, Judge.

Action by Louis Hausam against Cora May Gray et al    Judgment for defendants, and plaintiff appeals. Affirmed.

W. T. Drake, Wm. H. Thompson, and Wilbert F. Thompson, for plaintiff in error.

Roy F. Ford, for defendants in error.

TEEHEE, C.    In the trial court the parties appeared as they appear here. Plaintiff, on January 16, 1926, entered into a contract with the defendants through M. J. Glass & Company, a nominal party defendant, for the exchange of certain real property. The part of the contract here relevant provided as follows:

"Each party shall, within five days from the date hereof, deliver to and at the office of M. J. Glass & Company of Tulsa, deeds to their respective properties to be delivered to the respective grantees upon completion of this contract, and shall, at the same time and place, deliver complete abstracts of title to their respective properties (or title guaranty policies, if so specified), certified to date, showing merchantable title.

"Each party shall have five days from date of such delivery for examination of abstract and to report, in writing, to the other party, at the office of M. J. Glass & Company of Tulsa the defects,   if any,   found therein.

"Either party whose title, by such examination and report, is found to be defective, shall, within ten days from date of such written notice, correct and remove such defects; and unless such defects be corrected within said time and no extension of time be given—time being the essence of this entire contract—this contract shall be null and void, at the option of the party not in default, and the abstracts be returned to their respective owners, or party not in default may pursue his legal remedies."

The time within which to deliver the deeds was waived by act of the parties, as the deeds were delivered on February 3, and March 10, 1926, by the defendants and the plaintiff, respectively. The abstract of title to plaintiff's property was certified   as   of March 12, 1926, and disclosed a defect in the chain of title as to descent, in that the necessary probate proceedings were not included therein, though it appeared by the abstract that plaintiff acquired his title

through partition proceedings had in the district court of Craig county, which showed that the title of all of the heirs was thereby vested in plaintiff through   a   sheriff's deed executed March 8, 1926.   Defendants' attorneys pointed out this defect, whereupon plaintiff delivered to the escrow holder, for defendants, a certified copy of an order of the county court of Wagoner county, wherein   administration   was   pending, barring claims and determining heirship entered on April 10, 1926.   The order showed that the statutory requirements as to notice to creditors were complied with; that the time within which to file claims against the estate had expired; that no claims had been filed; that the estate was free and clear of all debts except certain mortgages on other property not then due; and that the heirs of the estate were as determined by   the district court in the partition proceedings.   It was not a final decree closing the estate, and hence did not show that the expense of administration had either been provided for or paid.

Defendants deemed the order of the county court insufficient to meet the requirements of the contract.   After a reasonable period, defendants exercised their option and repossessed themselves of their property contracted to be exchanged, the parties having, pursuant to a subsequent agreement, exchanged possession of the respective properties involved.   Thereupon plaintiff brought this action to compel specific performance on the part of the defendants, contending that his having furnished a certified copy of the requisite order of the county court constituted performance of his part of the contract.   Defendants contended that the order of the county court was   insufficient, and also relied on a further defense, in that the guardian ad litem for the two minor heirs failed to interpose the   defense required by statute in the partition proceedings, in that he should have denied all material allegations prejudicial to the interests of the minors, rather than assent thereto as was done.

The cause was tried to the court without a jury.   The court found for the defendants in that plaintiff had failed to furnish the necessary probate proceedings to cure the defect in the chain of title, and thus establish merchantable title to his property, and, accordingly, rendered judgment for the defendants.   Thereupon plaintiff brought the cause to this court for review.

While both parties treat the question of the sufficiency of the partition proceedings,

as well as the point on which the judgment of the trial court was based, with the defendants urging another point not raised in the trial court, we deem it necessary to consider only the principal question, that of the sufficiency of the certified copy of the order of the county court barring claims and determining heirship to meet the requirements of the contract.

In Pearce v. Freeman, 122 Okla. 285, 254 Pac. 719, it is said:

"A merchantable title is synonymous with a perfect title or a marketable title.

"A merchantable title is one free from litigation, palpable defects, and grave doubts, and consists of both legal and equitable title fairly deducible of record."

This was a re-affirmation of the rule laid down in Campbell v. Harsh, 31 Okla. 436, 122 Pac. 127. In that case the court quoted with approval Warvelle on Abstracts, section 36, as follows:

"Though the title vests in the heirs by operation of law immediately on the death of the ancestor, yet purchasers desire, and should have, affirmative evidence that the person asserting same is justified in so doing, and this is furnished by the proceedings of the probate court. In all abstracts the interval of title between the deed by which the decedent became seized and that which purports to be a conveyance by the heirs should be filled by a summary or abridgment of the proceedings in probate, showing the death of the intestate, proof of heirship by those asserting title, and a satisfactory settlement of the estate."

In the case at bar, the interest of the heirs, as noted, was conveyed by a sheriff's deed through the partition proceedings had in the district court, and to meet the question of descent in the chain of title, and that the property was unaffected by any claims against the estate, the order of the county court was furnished, which, as above indicated, was not a final decree, and hence did not show that the expense of the administration had been paid.

In Seyfer v. Robinson, 93 Okla. 156, 219 Pac. 902, which followed Campbell v. Harsh, supra, a case wherein it was necessary to show the chain of title by descent under a contract binding the se'ler to deliver a "good and sufficient" title, it was held that "specific performance cannot be decreed in the absence of a record showing that there are no outstanding debts against the estate, and that the expenses of administration have been met," such expense being a proper charge against the estate.

Warvelle on Abstracts (3rd Ed.) section 569, in part is as follows:

"The usual and ordinary method of showing a descent in the United States is by an abstract of the settlement of decedent's estate. This should disclose the jurisdiction of the court, appointment of administrator, proof of heirship and adjudication. This is sufficient to show the descent, but in order that the title of the heirs may not be obscured by latent defects or creditors' liens, the inventory, payment of claims, and final report and discharge of the administrator should also be shown."

While not passing on plaintiff's title to the property involved, yet, we think that where parties to a contract to exchange properties agree, as here, to deliver abstracts of title to their respective properties, showing merchantable title with the right of either party to correct defects, it appears on the one hand that descent was necessary to be shown in the record of title, the furnishing of a certified copy of an order of the proper county court barring claims and determining heirship in correction of such defect which does not appear to be a final decree closing the estate and does not show that the expense of administration has been paid, under the foregoing authorities, does not meet the condition of the contract to deliver an abstract showing merchantable title; and, that in an action in such case to compel specific performance, such relief will be denied, and we so hold.

Accordingly the judgment of the district court is affirmed.

BENNETT, REID, LEACH, and FOSTER, Commissioners, concur.

Note.—See 36 Cyc. p. 697; 25 R. C. L. p. 274, 275; 3 R. C. L. Supp. p. 1415; 4 R. C. L. Supp. p. 1579; 5 R. C. L. Supp. p. 1317.