## CALLISON v. CALLISON.

No. 24028.    Nov. 26, 1935.

Stephenson, Proffitt & Shackelford, for plaintiff in error.

Leon C. Phillips and Walter Long, Jr., for defendant in error.

PER CURIAM. This is an action for partnership accounting, in which F. F. Callison, plaintiff below, defendant in error here, recovered a judgment in the trial court against his co-partner, C. C. Callison, in the amount of $1,052 and awarded him an undivided one-half interest in a certain potato house building found to be partnership property.

Reference was made to a referee, who made his finding of facts. Upon the said report of the referee, after examination of the records, the court made its findings and rendered judgment. The cause being an equitable action it is incumbent upon this court to examine the record as a whole.

The action is between two brothers for an accounting, growing out of a partnership between them covering a period of years. In 1920 they dissolved the operation of the partnership business, but left numerous equities for future adjustments. Perhaps the relationship by kinship was considered by the parties to have obviated a necessity for the particularity of keeping accounts in general partnership relations.

In an equitable proceeding it is the ru'e of this court that it will not disturb the findings unless it is clearly contrary to the weight of the evidence—Fitch v. Braddock, 93 Okla. 78, 219 P. 703; Long v. Anderson, 77 Okla. 95, 186 P. 944; and in a case of purely equitable cognizance the court must review the entire record, and if it appears that the judgment is contrary to the weight of the evidence, reverse the cause and render, or cause to be rendered, such judgment as should have been rendered at the trial.

This court has often announced that in cases of purely equitable cognizance, the Supreme Court will examine the entire record and weigh the evidence, but will not reverse the judgment of the trial court unless it is clearly against the weight of the · evidence. McAllister v. Clark, 91 Okla. 205, 217 P. 178; Maxwell v. Gillespey, 116 Okla. 68, 243 P. 497; Moran v. Pryor, 117 Okla. 260, 246 P. 448.

Both in reviewing the entire record and the brief of attorneys in discussing the evidence, each of the parties take a viewpoint that the referee findings and the court's judgment are totally unsupported by sufficient evidence to support their findings. We are unable to agree with either viewpoint, because the record does disclose justification for each argumentative contention of the attorneys. We are unable to view the evidence as not conflicting upon each particular item. We are further convinced, from the mass of the testimony as disclosed by the record, that it was analyzed without prejudice by both the referee and the court.

It is provided by section 198, O. S. 1931, what should be contained in a petition; in section 206, O. S. 1931, that which should be contained in the answer and statement of new matter, with nature of relief sought; and in section 214, O. S. 1931, that which should be contained in the reply, with a demurrer to new matter in the answer and the setting up of new matter in the reply, which should be followed by attorneys in presenting issues to the court.

The case at bar certainly was tried solely upon the issue as set forth in the reply to the answer and cross-petition of the defendant in error, as only in this pleading was there set forth sufficient controversy to clearly present the matter to the court. In the interest of the orderly and proper disposition of cases before our trial courts, and especially so when they come to this court for review, the pleadings should set forth the issues upon which relief is sought.

We can find no reversible error, nor can we say that the testimony is clearly against the weight of the findings of the court. The judgment of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys Edward Hirsh, J. Berry King, and Robert D. Crowe in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hirsh, and approved by Mr. King and Mr. Crowe, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, WELCH, and CORN, JJ., concur.