## GAYER v. RODDIE, Rec., et al.

No. 25100.   Oct. 20, 1936.

Rehearing Denied Nov. 23, 1937.

Application for Leave to File Second Petition for Rehearing Denied Feb. 21, 1938.

Carter Smith, for plaintiff in error.

Dudley, Hyde, Duvall & Dudley, for defendants in error.

WELCH, J.   This is an appeal from the district court of Oklahoma county seeking reversal of the judgment of that court denying plaintiff in error's claim of priority to certain funds coming into the possession of a receiver appointed by the court in a cause styled Lynch et al. v. Riverside Oil & Refining Co., a corporation. Plaintiff in error will be referred to herein as plaintiff, and the defendants in error as defendants.

Plaintiff is assignee of a mortgage on certain oil lease properties owned by the Riverside Oil & Refining Company. The proceeds from the operation thereof during foreclosure in other courts were paid to this receiver. Plaintiff claims that by virtue of his mortgage such funds were not subject to payment of the general receivership expenses in this case.

This receivership was commenced in 1921, and the expenses here objected to were incurred principally in connection with other properties held by the receiver.

The facts necessary for a consideration of the present question are as follows: Plaintiff's mortgage claim was originally in the sum of $50,000. Plaintiff instituted foreclosure proceedings, during which time this receiver was permitted to take the proceeds from the operation of the mortgaged properties. Other properties belonging to the original debtor which came into the hands of this receiver consisted of a judgment for $100,000, and it appears that no other properties came into his hands as such receiver. There were other oil properties, however, belonging to the corporation for which this receiver was appointed, which properties were in the hands of receivers appointed by the federal district court, and those properties appeared to the parties here to be valuable, and considerable sums of money were being collected by the federal receivers from same. There is evidence to the effect that plaintiff, through his attorney, agreed with this receiver and his attorney that a claim would be filed with the federal receivers, the same to be approved by this receiver, and it was expressly agreed by these parties that the entire mortgaged indebtedness would be paid out of funds coming into the possession of the federal court receivers. There is evidence to the effect that plaintiff, in procuring the co-operation of this receiver, to approve the payment of the claim by the federal court receivers, agreed that he would relinquish his lien claim against the proceeds derived from operating the mortgaged premises and which were being paid to this receiver. The claim was so filed and allowed by the federal court, and the sum of $20,000 was paid to plaintiff thereon and thereunder, after which it appears that no further payments were made, and the order of the federal court was modified to preclude further payments. This action appears to have been taken by reason of decline in revenues in properties held by the federal court receivers.

Upon completion of foreclosure proceedings of the mortgaged property it appears that something over $16,000 of plaintiff's original claim and indebtedness remained

unsatisfied. This receiver had collected something over $8,900 in royalties, etc., from the operation of such properties during the process of. foreclosure. This $8,900 had been expended by this receiver in payment of general receivership administration expenses, which consisted principally of attorney's fees, court costs, etc., incurred in an effort to collect the judgment belonging to the estate and in defending and prosecuting many suits in connection therewith, and in connection with this receivership. Considerable portions of such expenses were incurred in auditing the affairs of the corporation, and in other expenses properly incident thereto. No complaint is here made that any of such expenses were improperly incurred. The trial court herein specifically found that plaintiff had, by specific agreement, and by his conduct, voluntarily waived his lien claim against the funds here involved, and that the same, therefore, became a part of the general assets of the corporate estate, free of such lien, and were properly applicable toward the payment of the general receivership expenses.

It is plaintiff's contention that a receiver holds the property coming into his hands by the same right and title as the person for whose property he is receiver, subject to liens, priority and equities existing at the time of his appointment. He contends that such property coming into the hands of the receiver impressed with the lien of a mortgage cannot properly be used for the payment of general receivership expenses, and cites supporting authorities.

The defendant concedes the general rule that property coming into the hands of a receiver is subject to existing liens and is not available for use in payment of general receivership expenses other than in proper cases it may be subject to the payment of the expenses incident to the preservation or receivership administration of the particular mortgaged property. Although conceding the above to be the general rule, it is the defendant's contention that the present cause comes within well-known exceptions to such general rule. He contends that where the lienor comes into the receivership proceedings, avails himself of the receivership, obtains benefits by reason thereof and gains an advantage thereby, he in turn consents that the receivership expenses and administration fees are prior to his mortgage lien. He contends that the lienor here filed a claim against the general assets of the estate, received a substantial payment thereon from the general assets not covered by his mortgage, and specifically agreed to relinquish any claim of lien against the funds involved, and that such agreement and such conduct brings this case without the general rule.

The defendant in support of his proposition of law cites Supreme Fuel Sales Co. v. Peerless Plush Mfg. Co. (N. J. Eq.) 175 Atl. 358, and quotes therefrom as follows:

"By the great weight of authority, the claims against, and the indebtedness incurred by, a receiver as a result of his administering the affairs and even conducting the business of an insolvent concern of a private nature, except where absolutely essential to the preservation of its property, cannot be given priority over the claims of mortgagees or lienholders to the corpus of the property, in the absence of consent or estoppel affecting said lienees."

Defendant quotes from 53 C. J. 253, as follows:

"Where a receiver is lawfully appointed at the instance and for the benefit of lien creditors, all proper charges, expenses, and liabilities incurred as incident to duly conferred receivership powers and duties are a charge upon the earnings and corpus of the property superior to the lien creditors, who take part in, or expressly or impliedly consent to, or acquiesce in, the receivership proceedings. * * *"

We are also favored with citations relating to estoppel and implied consent in such cases. As we view the matter, the judgment of the trial court turned largely upon the question of fact as to whether or not plaintiff expressly agreed to waive his lien as to the funds involved. The trial court found that such agreement was made, and such finding is supported by competent evidence, and we are unable to say from the record that such finding is against the clear weight of the evidence. The cause is of equitable cognizance, and the applicable rule is stated in Callison v. Callison, 174 Okla. 647, 52 P. (2d) 714, wherein it is held in the first paragraph of the syllabus:

"In cases of purely equitable cognizance, this court will examine the entire record and weigh the evidence, but will not reverse the judgment of the trial court unless it is clearly against the weight of the evidence."

We have examined the record, and under these rules must affirm the judgment of the trial court, and it is so ordered.

McNEILL, C. J., and BAYLESS, CORN, and GIBSON, JJ., concur.