## CROUTHAMEL v. WELCH *et al.*

No. 6921.   Opinion Filed March 14, 1916.

(156 Pac. 302.)

1. **INDIANS—Descent—Persons Entitled—Parents.** Amanda Folsom, a Choctaw by blood, aged 12 years, died October 6, 1910, unmarried and without issue, leaving her surviving her father, Israel Folsom, and half-brother, George Washington. **Held**, that the devolution of her estate, consisting of an allotment of land, is governed by the second subdivision of section 8418, Rev. Laws 1910, providing: "If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, or if he leave both father and mother, to them in equal shares." **Held**, further that Amanda having survived her mother, her entire estate would go to her father, Israel.

2. **SAME—Statutory Provision.** The seventh subdivision of said section 8418, providing, "If the decedent leave several children, or one child and the issue of one or more children, and any such surviving child dies under age, and not having been married, all the estate that came to the deceased child by inheritance from such decedent, descends in equal shares to the other children of the same parent, and to the issue of any such other children

who are dead, by right of representation," has no application under the facts shown in the preceding paragraph.

(Syllabus by the Court.)

*Error from District Court, Leflore County; W. H. Brown, Judge.*

Action by A. H. Crouthamel, as guardian of the estate of George Washington, a minor, against J. H. Welch and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Fowler & Harrison,* for plaintiff in error.

*J. H. Cruthis* and *Samuel W. Hayes,* for defendants in error.

*George S. Ramsey, N. A. Gibson, Malcolm E. Rosser, Edgar A. De Meules,* and *E. R. Perry, amici curiae.*

SHARP, J.  Eliza Moore, a member of the Choctaw tribe of Indians by blood, married Levi Washington, by whom she had one son, George Washington. Thereafter said Eliza married one Israel Folsom, to whom was born a child, Amanda Folsom. Eliza died in 1902 without being enrolled as a member of the Choctaw Nation or Tribe of Indians. Israel Folsom, the father of Amanda, was a member of the Choctaw Tribe and duly enrolled as such. His wife, Eliza, died leaving her surviving her husband, Israel, her daughter, Amanda, and son, George Washington. Amanda died October 6, 1910, aged 12 years. At the time of her death she was the owner of an allotment of land, located near Duncan, in Stephens county. Some time after the death of Amanda, Israel Folsom executed conveyances to the lands constituting the allotment of his deceased daughter, in which he

claimed to be her sole heir at law. Thereafter the title of said Israel vested in defendant in error Welch.

The sole question involved is one of succession. The trial court adopted the view of the purchasers from the father, and held that upon the death of Amanda, she leaving no issue, nor husband nor mother, the entire estate ascended to the father, Israel. The second subdivision of section 8418, Rev. Laws 1910, in so far as applicable, provides:

"If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, or if he leave both father and mother, to them in equal shares."

It would seem clear that this provision of the statute under the admitted facts, constituted Israel, the father, the sole heir at law of his deceased daughter, Amanda. But it is contended on the part of George Washington, Amanda's half-brother, that the seventh subdivision of said section 8418 controls; and that under it he would be entitled to a one-half interest in the estate of his deceased half-sister, because, he says, the estate of Amanda was an inheritance from her tribal parents, Eliza Folsom and Israel Folsom, and that the rule of decision in *Shulthis v. McDougal et al.*, 170 Fed. 529, 95 C. C. A. 615, *Pigeon et al. v. Buck*, 38 Okla. 101, 131 Pac. 1083, and *McDougal v. McKay*, 237 U. S. 372, 35 Sup. Ct. 605, 59 L. Ed. 1001, controls. These and companion cases, construing section 2531 and other sections of chapter 49, Mansfield's Digest of the Laws of Arkansas, in force in the Indian Territory by congressional enactment, have no place in the decision of the present case. *Jefferson et al. v. Cook, ante,* p. 272, 155 Pac. 852.

The statute relied upon by plaintiff in error provides:

"If the decedent leaves several children, or one child and the issue of one or more children, and any such surviving. child dies under age, and not having been married, all the estate that came to the deceased child by inheritance from such decedent, descends in equal shares to the other children of the same parent, and to the issue of any such other children who are dead, by right of representation."

The same position was taken in *Jefferson et al. v. Cook, supra,* where it was said by the court that the contention was without merit, and that as the intestate left no issue, nor husband nor mother, the father took the estate to the exclusion of the brothers and sisters, and that the seventh subdivision of section 8418 had no bearing on the case. It must be remembered that the decedent was not the mother, Eliza, but, instead, Eliza's unmarried daughter, Amanda. The former's estate, if she left one, is not involved; it is the estate of Amanda. The section of the statute applies only where "decedent leaves several children, or one child and the issue of one or more children." Where such is the case, and any such surviving child dies under age, and not having been married, all the estate that came to the deceased child by inheritance from such decedent descends in equal shares to the other children of the same parent, and to the issue of any other such children who are dead, by right of representation. The purpose of such statutes is shown by a number of authorities. In *Nash et ux. v. Cutler,* 16 Pick. (Mass.) 491, it appears that a statute of that commonwealth provided:

"That when any child shall die under age, not having been married, his share of the inheritance, that came from his father or mother, shall descend in equal shares to his father's or mother's other children then

living respectively, and to the issue of such other children as are then dead, if any, by right of representation."

In determining the meaning and object of the statute, it was said by Chief Justice Shaw:

"The purpose of the whole section is to regulate the descent of intestate estate. The last clause cited, the proviso, does not make a rule for a separate and distinct case, but only modifies one of the rules under given circumstances. It is an exception from the generality of the antecedent rule. The whole purpose is the descent of intestate estate; and we think the effect is, that where upon the descent of an estate to children, one of them shall happen to die in infancy, that is, at any time before arriving at the age at which, by law, he has the power of disposing of his estate, and before he has by marriage contracted obligations and established new connections which change his relative situation to others, his share of the inheritance, that is, his portion of the intestate estate, for the descent of which this statute is now providing, shall go just in the same manner as if such child had died in the lifetime of the ancestor, or, in other words, to those who would have taken the same share if such child had not existed. It directs that it shall go to the other children of the parent from whom it came, which it would have done, had the child so dying not been in existence at the time of the decease of such parent."

Again, in the later case of *Goodrich v. Adams*, 138 Mass. 552, it was said:

"The general purpose of the statutes undoubtedly was, as is said in *Nash v. Cutler*, that if the child died under age, and not having been married, the estate should descend in the same manner as if the child had died in the lifetime of the ancestor."

In *Burke v. Burke et al.*, 34 Mich. 451, the above rule from *Nash v. Cutler* is quoted at length, and it is

held that by the statute of Michigan (Comp. Laws 1871, sec. 4309, subd. 6), where upon the descent of an estate to children, one of them dies under age, not having married, his share of the inheritance goes to those who would have taken the same had such child died in the lifetime of the ancestor; i. e., to the other children of the intestate, and to the issue of such others as may have died, by right of representation—the intent being rather to give a new destination to that portion of the parent's estate which has in some measure failed to accomplish the design of the Legislature by the premature death of such child, than to provide a new and distinct rule of distribution for such child's own estate. In *Perkins v. Simonds*, 28 Wis. 90, the rule announced by Chief Justice Shaw, in *Nash v. Cutler*, was approved and followed.

The statutes construed in the above cases are similar, if not alike in meaning, to that provision of our statute relied upon by counsel for plaintiff in error. Its purpose we have shown, only that its want of application may more readily be demonstrated. Amanda Folsom, the decedent, having died unmarried and without issue, the seventh subdivision of section 8418 in nowise controls the devolution of her estate. On the other hand, she having died after the death of her mother, Eliza, her entire estate ascended to her father, Israel Folsom.

The judgment of the trial court is affirmed.

All the Justices concur.