## HE-AH-TO-ME v. HUDSON.

No. 16906—Opinion Filed Sept. 7, 1926.

(Syllabus.)

1. **Descent and Distribution—Rights of Surviving Wife and Children—Upon Death of One Child Its Share Inherited by Other Child to Exclusion of Mother.**

Under subdivision 7 of section 11301, Comp. Stats. 1921, providing that "If the decedent leave several children, or one child and the issue of one or more children, and any such surviving child dies under age, and not having been married, all the estate that came to the deceased child by inheritance from such decedent descends in equal shares to the other children of the same parent, and to the issue of any such other children who are dead, by right of representation," where E. dies leaving surviving his wife and two infant children, his estate goes in equal shares to said surviving wife and infant children. and if one of said children dies intestate, unmarried and without issue, its interest in the real estate so inherited from its father goes, not to its surviving mother, but to the surviving child.

2. **Executors and Administrators—Invalidity of Distribution as to Heirs Without Notice of Proceedings.**

Where the county court assumes jurisdic-

tion of an estate of a deceased person, but no notice is given of such probate proceeding to the heir at law of the deceased, and such heir is not mentioned in the petition for appointment or order approving final settlement, or in any of the other probate proceedings, and the estate is distributed to another person not the lawful heir thereto, such order of distribution is void and may be set aside by the person rightfully entitled to inherit such estate.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by J. L. Hudson against Grace Entokah Abbott, Osage Allottee No. 356, and He-ah-to-me, Osage Allottee No. 357. Judgment for plaintiff, and defendant He-ah-to-me brings error. Reversed and remanded.

Gray & Palmer and Edward A. Jacobson, for plaintiff in error.

A. M. Widdows, Frank T. McCoy, and John T. Craig, for defendant in error.

PHELPS, J. Tilton Entokah was a full-blood noncompetent Osage Indian, and there was allotted to him as a homestead the real estate constituting the subject-matter of this action. He died intestate on or about the 3rd day of March, 1909, leaving surviving his wife, Grace Entokah (she having remarried and appears in the record in this case as Grace Entokah Abbott), a daughter, He-ah-to-me, about four years of age, and a son, Louis Entokah, about one year of age. Grace Entokah and He-ah-to-me were both allotted Osages. A certificate of competency was never issued to either Tilton Entokah, Grace Entokah, or to He-ah-to-me. The surviving son, Louis Entokah, was an unallotted child, and died about one year after the death of his father, when said child was about two years of age. On May 6, 1914, the surviving widow, Grace Entokah Abbott, filed her petition in the county court of Osage county, praying for the appointment of an administrator of the estate of Tilton Entokah. On the same date she also filed her petition praying for the appointment of an administrator of the estate of Louis Entokah, and at the close of the administration proceedings the court found that Tilton Entokah died intestate, leaving surviving as his sole heirs his widow, Grace Entokah, his daughter, He-ah-to-me, and his son, Louis Entokah, and ordered his allotment distributed in equal shares to such three survivors. At the close of the administration proceedings of the estate of Louis Entokah, the court found that Grace Entokah Abbott, the mother of said child, was his sole surviving heir and entitled to inherit his entire estate, and distributed his one-third of his father's allotment to her, which two orders of distribution left the title to Tilton Entokah's allotment vested, an undivided two-thirds interest in Grace Entokah Abbott and an undivided one-third interest in He-ah-to-me.

Grace Entokah Abbott conveyed by warranty deed an undivided one-third interest in the lands in question to one H. N. Cook, such deed specifically reciting that the interest conveyed was that inherited from Louis Entokah, and Cook in turn conveyed to Myrtle Cook Colombe, and she in turn conveyed the same to J. L. Hudson, defendant in error herein. Hudson filed his action in the district court of Osage county, basing his claim of title upon the county court's decree distributing the undivided one-third interest of Louis Entokah, deceased, to his mother, Grace Entokah Abbott, and prayed for judgment partitioning said real estate. Plaintiff in error, He-ah-to-me, answered and filed cross-petition attacking the validity of the county court's decree of distribution and setting up title in herself to an undivided two-thirds interest in the real estate in question, claiming that at the death of her brother she was the sole heir to his interest in this property, which should have been distributed to her, and prayed that her title to an undivided two-thirds interest in the land be quieted.

With the issues thus joined, with but little dispute as to the facts upon trial, the court rendered its judgment decreeing title to the real estate in question, one-third each in defendants Grace Entokah Abbott and He-ah-to-me, and plaintiff, J. L. Hudson, and ordered the same partitioned, to reverse which this appeal is prosecuted by He-ah-to-me.

Plaintiff in error contends that the district court erred in refusing to render judgment finding her entitled to a two-thirds interest in the real estate in question, it being her contention that when her father died, an undivided one-third interest in this land went to her, one-third to her mother, Grace Entokah Abbott, and one-third to her infant brother, Louis Entokah, and that when Louis Entokah died an infant, intestate, unmarried, and without issue, that his one-third interest in the land went to her.

The second subdivision of section 11301, Comp. Stats. 1921, provides that:

"* * * If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, or if he leaves both father and mother, to them in equal shares. * * *"

It was, doubtless, upon this provision of the statute that the county court of Osage county predicated its finding that the deceased child's interest in the land went to its surviving mother, overlooking subdivision 7 of section 11301, Comp. Stats. 1921, which provides:

"Seventh. If the decedent leave several children, or one child and the issue of one or more children, and any such surviving child dies under age, and not having been married, all the estate that came to the deceased child by inheritance from such decedent, descends in equal shares to the other children of the same parent, and to the issue of any such other children who are dead, by right of representation."

This section of the statute is identical with the California statute governing descents and distribution, and the question here presented was before the California court in De Castro v. John Barry, 18 Cal. 97, wherein the wife died leaving surviving her husband and two infant children. Soon thereafter one of the children died, and the court held that the estate of the wife and mother descended in equal shares to the husband and two children, but that when one of the children died in infancy its share went, not to the father, but to the surviving child. And in commenting upon the contention there presented, the court said:

"The respondent's counsel contends that this case falls within the seventh clause of the statute, and such is our opinion. The language of the clause is unequivocal. The act is carefully drawn, and, we must suppose, embodies the deliberate meaning of the Legislature. We must give effect to this meaning without interpolating any new terms or qualifications, unless this be necessary to reconcile conflicting and contradictory expressions. The clause in question provides for a specific and peculiar state of facts; therefore, there is no contradiction between it and the general provisions going before, for these last provide the usual rule, while the latter clause provides the unusual rule, or the rule governing the particular case recited. This is not a contradiction, but only an exception. It is as if the second clause read: 'If the intestate shall leave no issue, or husband, or wife, the estate shall go to his or her father: provided, that if any person shall die leaving several children. and any one of them shall die unmarried, etc., the share of such decedent child coming from such deceased parent shall go to the surviving children of the same parent.'"

In Crouthamel v. Welch, 53 Okla. 288, 156 Pac. 302, this court discussed with approval the application of this statute, although held that this case was not applicable to the facts in that case. And in Maroney v. Tanneyhill,

90 Okla. 224, 215 Pac. 938, this section of the statute was under consideration by this court, wherein the mother had died leaving surviving her husband and several children; later two of the children died intestate, unmarried, and without issue, and the court held that under subdivision 7 of section 11301, Comp. Stats. 1921, the interest which the deceased children inherited from their mother went to their surviving brothers and sisters rather than to their father.

Therefore, we take it that it is the well-settled law of this state that, under the facts presented here, the interest which Louis Entokah inherited from his deceased father would go, at the death of said Louis Entokah, to his surviving sister rather than to his surviving mother, and the plaintiff in error here, He-ah-to-me, the surviving sister, would be entitled to prevail in this action, unless precluded and foreclosed by the decree of the county court finding that the mother of the deceased child should inherit his estate.

It is the contention of plaintiff in error that as she was not a party to the proceedings in the settlement of the estate of Louis Entokah, and as her name was nowhere mentioned in such proceedings, she is not bound by the decree therein, and therefore is not precluded from here asserting her interest in the real estate. An examination of the record shows that when Grace Entokah Abbott filed her petition for the appointment of an administrator of the estate of Louis Entokah, deceased, she made the statement that she was the sole surviving heir of the deceased, failing to mention the fact that plaintiff in error also survived deceased. In the court's order approving the final account of the administrator recitation is made that Grace Entokah, the mother of the deceased, "is the sole and only heir at law of said deceased, and as such is entitled to the whole estate."

Nowhere in the whole proceeding is the name of plaintiff in error mentioned, and while it appears that notice of the hearing of the petition for appointment of administrator and of the final account was published, that no other notice was given plaintiff in error, then only about nine years of age, of such proceeding.

In Caulk v. Lowe, 74 Okla. 191, 178 Pac. 101, where a very similar situation arose, this court said:

"But the record of the probate court and all the evidence in the case conclusively show that Mary C. Lowe was never made a party to any of the proceedings had in the

probate court, and therefore as to her the judgment and orders sought to be set aside were void, against which the statute of limitations does not run, and therefore the action was not barred.

"That a judgment rendered without notice to a party at interest is, as against such party, a void judgment, is a canon of law so well established as not to need authorities in support thereof."

To the same effect is the holding in Kenoly v. Hawley, 84 Okla. 120, 202 Pac. 494.

As supporting her contention that the probate proceedings as to her were void, counsel also cite the following authorities from other jurisdictions: In re Bunting's Estate, 30 Utah, 251, 84 Pac. 109; Carter v. Frahm, 31 S. D. 379, 141 N. W. 370; Boswell v. Otis (U. S.) 9 How. 336, 13 Law Ed. 164.

It is contended by counsel for defendants in error that, where the county court makes its findings and renders its judgment, the legal presumption will be indulged that the necessary jurisdictional steps had been taken to vest the court with authority to make such finding or render such judgment. They cite numerous authorities, including decisions of this court, supporting that contention. With such contention we have no quarrel, and concede this rule to be the settled law of this state, but we are not willing to go so far as to say that where the records of the proceeding are all before us and fail to show the jurisdictional facts, we will still indulge such presumption in order to uphold the proceeding. In the instant case, the probate proceedings are all in the record, either having been pleaded or introduced in evidence, and fail to show that plaintiff in error was anywhere in the proceedings mentioned, made a party, or notified of the pendency of such proceeding. Counsel for defendant in error attempted to show by cross-examination of plaintiff in error that she was present in court during the hearing of the probate proceedings involving her deceased brother's estate. Her evidence was not clear on that subject, but even if she had been present in court she was only nine years of age, and it was clearly her mother's duty and the duty of the county court to protect her rights conferred and guaranteed by the laws of this state, and the record shows that they were the very parties who were responsible for her rights not being properly safeguarded. And, even though ten years have elapsed since this judgment was rendered, this court will not turn a deaf ear to the cry of distress of a helpless infant, who has not received

that degree of protection at the hands of the parent or a court which the laws of this state guarantee to such helpless infant. We are not willing to say to children thus situated: "Yes, you were originally entitled to inherit your deceased brother's estate, but your mother and the county court of your county have decided in a proceeding, to which you were not a party, that your interest in such estate should go to your mother instead of to you; she has received it and disposed of it, and we are helpless to grant the relief you pray for."

The judgment of the district court of Osage county is therefore reversed, and the cause remanded, with instructions to proceed in conformity to the views herein expressed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 18 C. J. p. 829, §42, p. 831, §46. (2) 24 C. J. p. 512, §1363; 11 R. C. L. p. 185; 2 R. C. L. Supp. p. 1219; 5 R. C. L. Supp. p. 602.