### JACOB et al. v. HEFNER et al.

No. 18295. Opinion Filed Sept. 24, 1929.

Cicero I. Murray, Rittenhouse, Lee, Webster & Rittenhouse, J. B. Dudley, and Reuben M. Reddie, for plaintiffs in error.

Geo. N. Otey, Earl A Brown, and Blakeney & Ambrister, for defendants in error.

BENNETT, C. Delilah Billy, a full-blood Choctaw Indian, enrolled opposite roll No.

2033 of the approved rolls of the Choctaws by blood, died intestate in Indian Territory April 27, 1907.

Decedent at time of her death was seized and possessed of the following real estate: Southwest quarter of southwest quarter of southeast quarter, and south half of south half of southwest quarter, section 28, and west half of northwest quarter of section 33, township 4 south, range 1 west, in Carter county, Okla., which was part of her surplus allotment and for which she held proper allotment patent.

There survived Delilah Billy (Jacob), as her sole heirs at law, her husband, Isaac Jacob, and her son, Peter Jacob and on the death of said Delilah, title in fee simple absolute to said lands vested in Peter Jacob, subject only to courtesy right, if any, therein of Issac Jacob, her surviving husband. May 15, 1908, said Peter Jacob died single and intestate in McCurtain county, Okla., seized and possessed of the lands the title to which he had inherited as aforesaid from his deceased mother, Delilah Jacob. Peter Jacob, at the time of his death, was a minor, aged three years, and he left surviving him the following kinsmen, namely: Isaac Jacob, his father, Calvin Billy, his uncle, Sora Bacon and Sophia Jacob, his aunts, being the brother and the two sisters of Delilah Jacobs, deceased.

In December, 1908, Calvin Billy died, single and intestate while a minor aged 16 years and a resident of Atoka county, Okla., leaving as his next of kin, Sophia Jacob and Sora Bacon.

In 1922, Sora Bacon died intestate leaving surviving as her next of kin her daughter Jane Dixon. This action in district court of Carter county, Okla., was filed by Sophia Jacob and Jane Dixon on April 15, 1926, for recovery of the lands described above, and the petition in the cause sets out all the foregoing facts, and among other things alleges that the defendants, R. A. Hefner, E. N. Horton, W. L. Kearney, Home Savings Bank, Magnolia Petroleum Company, and L. B. Simpson, have or claim some right. title, or interest in said real estate, subject and inferior, however, to the rights of plaintiffs, and praying that such conveyances as they may hold, affecting said real estate, may be set aside, canceled, and held for naught, as clouds upon plaintiffs' title and that plaintiffs' title to said real estate be in all things quieted. The defendants filed a demurrer to the petition upon the grounds: First, that the court has no jurisdiction of the subject of this action; second, that the said amended petition does not allege facts sufficient to constitute a cause of action in favor of plaintiffs and against these defendants. Upon consideration of the demurrer by the court, the same was sustained, and from which this appeal is lodged here for review.

The assignments of error are as follows:

First. That said court erred in sustaining demurrers of defendants in error to petition of plaintiffs in error, and in rendering judgment for defendants in error, dismissing the cause of action and petition of plaintiffs in error.

Second. That the court erred, as a matter of law, in holding that the surviving father of Peter Jacob inherited all the title to the lands and premises involved, to the exclusion of the heirs of the deceased mother of Peter Jacob, from which mother the said Peter Jacob had inherited said property.

The petition in this cause in the third paragraph alleges:

"That on the date of the death of the said Peter Jacob, he was a minor, aged 3 years, * * * that he left surviving him as his heirs as to said ancestral estate, his uncle, Calvin Billy, and his aunts, Sora Bacon and Sophia Jacob, being the brother and two sisters of Delilah Jacob (formerly Billy), deceased; and that on the death of said Peter Jacob that the title to said tract of land descended and vested to said parties an undivided one-third interest each."

It will be noted, therefore, that the petition nowhere mentions Isaac Jacob, the father, either as a survivor or as an heir of the deceased minor, Peter Jacob; and, perhaps, on that account, and treating the allegations of the petition as true, there might be some question as to the correctness of the ruling of the court below upon this demurrer, for it does not appear by the petition that Isaac Jacob survived, or did not survive, his son, Peter, and accepting the statement of the petition as true that Peter Jacob left him surviving as his only heirs at law his uncle and two aunts, the petition might seem to state a cause of action, since the action is brought by one of his aunts and by the sole surviving daughter of the deceased aunt; but we can see from the briefs that no point was made of this in the presentation of the demurrer. In fact, on page 12 of the brief of plaintiffs in error, we find the following statement:

"Thereafter, on the 15th day of May, 1908, said Peter Jacob died intestate while a minor and never having been married, seized and possessed of the title to the lands

involved, leaving surviving **his father** and the heirs of his mother, Calvin Billy, Sora Bacon and Sophia Jacob, the brother and two sisters of the deceased mother of Peter Jacob."

Therefore, having presented and tried out this demurrer upon the theory that the father, Isaac, survived his son, Peter Jacob, deceased, we shall treat the demurrer in all respects as if the petition so alleged the fact to be, for it would serve no useful purpose here to close our eyes to the facts admitted and reverse this case because there was not in the petition a fact which all parties admit to be true.

The demurrer raises a single qeustion of law as to heirship.

Peter Jacob, according to the petition, died intestate in 1908, leaving no issue, no brother, no mother, no issue of any deceased brother or sister, nor the issue of any such issue, but leaving his father, Isaac Jacob, and an uncle and two aunts, the brother and sisters of his mother, and it being admitted that he inherited the lands from his mother. Does this land go to his father or to the collateral kinsmen on his mother's side? If to the father, the demurrer should be sustained; if to the collateral kinsmen of the blood of the mother, the demurrer should be overruled.

The identical question involved in this case has just been determined in the case of Cooper v. Spiro State Bank, No. 18265, opinion filed April 10, 1928, 137 Okla. 265, 278 Pac. 648. The opinion in this case is rendered by Justice Hunt, and we think the clarity and exhaustiveness of this opinion leaves nothing to be said on the subject. In the first paragraph of the syllabus, he meets squarely the contention of plaintiffs in error with reference to ancestral estates in the following words:

"In determining the descent of intestate estates, it is not necessary to look to the source of title unless particular statute under which descent is cast requires us to do so. Subdivision 2, section 11301, C. O. S. 1921, does not so require, while subdivisions 7 and 8 of said section 11301, and section 11310, C. O. S. 1921, do so require."

And in the second paragraph of the syllabus, dealing with an inheritance from a full-blood Choctaw Indian dying since statehood, and leaving surviving the deceased allottee, her father and two sisters, the court says:

"Subdivision 2, section 11301, C. O. S. 1921, providing: '* * * If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, or if he leave both father and mother, to them in equal shares, * * *' controls the devolution of her estate, and under said subdivision 2, her father inherited her entire allotment to the exclusion of her surviving sisters." Citing Jefferson v. Cook, 53 Okla. 272, 155 Pac. 852; Crouthamel v. Welch, 53 Okla. 288, 156 Pac. 302; McKay v. Roe, 96 Okla. 87, 219 Pac. 921.

In the third paragraph of the syllabus the court says:

"Subdivision 7, section 11301, C. O. S. 1921, providing: 'If the decedent leave several children, or one child and the issue of one or more children, and any such surviving child dies under age, and not having been married, all the estate that came to the deceased child by inheritance from such decedent descends in equal share to the other children of the same parent, and to the issue of any such other children who are dead, by right of representation,' has no application under the facts stated in the preceding paragraph, said subdivision 7 applying only in cases of an actual inheritance from a parent to children or one child and issue of a deceased child or children."

Under subdivision 2, section 11301, C. O. S. 1921, which provides as follows:

"If decedent leave no issue, nor husband, nor wife, the estate must go to the father or mother, or if he leave both father and mother, to them in equal shares * * *"

—the exact facts in the case at bar bring it squarely under the provisions set out in the said subdivision 2. In short, the conditions which might bring the case at bar under subdivisions Nos. 7 and 8 do not exist, and have never existed, but the facts which bring it under subdivision 2 are admittedly present. It will be observed that Peter Jacob died subsequent to statehood, and under the doctrine of the case of Jefferson v. Fink (U. S.) 62 L. Ed. 1117, it would seem to be clear that the Oklahoma laws of descent and distribution govern.

For the reasons set forth, we hold that the sustaining of the demurrer by the trial court was in all respects proper, and the ruling and judgment thereon is affirmed.

TEEHEE, REID, LEACH and FOSTER, Commissioners, concur.

HEFNER, J., disqualified and not participating.

By the Court: It is so ordered.

Note.—See "Indians," 31 C. J. § 96, p. 524, n. 44.