## UNITED STATES v. HALE et al.
### No. 485.

District Court, N. D. Oklahoma.
March 24, 1930.

Louis N. Stivers, Asst. U. S. Dist. Atty., of Tulsa, Okl.

Hamilton, Gross & Howard, of Pawhuska, Okl., for the defendants.

KENNAMER, District Judge.

The plaintiff brought this action to quiet title to 160 acres of land located in Osage county, Okl. The land was allotted to Um-pah-to-kah, a member of the Osage Tribe of Indians. There is no controversy as to the facts, and they may be briefly summarized as follows:

· Um-pah-to-kah, the allottee, died intestate in July, 1910, a minor, without issue, and left surviving as her sole and only heirs at law her father, George Bigheart, and her mother, Pah-me-she-wah. The father and mother became vested with the title to the allotment in equal shares. George Bigheart, as a member of the Osage Tribe of Indians, was issued a certificate of competency on the 28th day of July, 1910. On May 16, 1912, George Bigheart by warranty deed conveyed his undivided one-half interest in the allotment to Alfred D. Harris. In April, 1913, Pah-me-she-wah, mother of the deceased allottee, died intestate, a resident of Osage County, Okl. George Bigheart, her husband, and her two minor children, Charles Bigheart and Pearl Bigheart, inherited as her sole heirs at law the undivided one-half interest in the allotment involved, one-third to her husband, George Bigheart, and one-third each to the surviving minor children, Charles Bigheart and Pearl Bigheart, under the first subdivision of section 11301, Compiled Oklahoma Statutes 1921. George Bigheart conveyed the interest which he inherited from his wife to Ed T. Kennedy, and Kennedy conveyed such interest to Alfred D. Harris. Thereafter H. G. Burt, as legal guardian of Charles Bigheart and Pearl Bigheart, instituted in the district court of Osage county, Okl., a partition suit against Alfred D. Harris. This suit went to final judgment, and the 160 acres of land involved in this controversy were set over to Pearl Bigheart and Charles Bigheart. Harris received other lands which were involved in the action in partition. The final decree in partition was approved by the Secretary of the Interior on the 20th day of February, 1917. Subsequent thereto, on the 7th day of February, 1919, Charles Bigheart died intestate, a minor, unmarried, and without issue. He left surviving as his next of kin his father, George Bigheart—as heretofore set out his mother had predeceased him—and his sister, Pearl Bigheart. George Bigheart for a valuable consideration execut-

ed a deed attempting to convey an undivided one-half interest in the 160 acres of land herein involved to W. K. Hale, it being believed by the parties that George Bigheart, the father, and Pearl Bigheart, the sister, of Charles Bigheart, inherited the 160 acres of land in equal shares. Thereafter on or about the 21st day of May, 1919, Hale filed in the district court of Osage county, Okl., sitting as a court of equity, a partition suit against Pearl Bigheart and her guardian, H. G. Burt. Guardian ad litem was appointed for Pearl Bigheart as a minor. The land involved was ordered sold and Hale paid to the legal guardian of Pearl Bigheart an amount of money equal to her portion of the appraised value of the land, less expenses of the suit. The guardian received the money, and it went into the estate of his ward. The partition decree was not approved by the Secretary of the Interior, and no action was taken with reference thereto.

The first contention made by the government in this suit is that on the death of Charles Bigheart, a minor, Pearl Bigheart inherited all that share of the land which he had received as an heir at law through his mother's death to the exclusion of George Bigheart, the father; that the land involved, title of which was in Charles Bigheart, was an estate of inheritance and having come to him through his mother under subdivision 7 of section 11301, Compiled Oklahoma Statutes 1921, providing: "If the decedent leave several children, or one child and the issue of one or more children, and any such surviving child dies under age, and not having been married, all the estate that came to the deceased child by inheritance from such decedent descends in equal shares to the other children of the same parent, and to the issue of any such other children who are dead, by right of representation." I cannot agree with this contention. If this was an estate of inheritance in Charles Bigheart, subdivision 7, supra, would be controlling. He-ah-to-me v. Hudson, 121 Okl. 173, 249 P. 138. While it is clear that Charles Bigheart was an heir of his mother, the admitted facts are that a partition suit was had to the land in controversy, and the interest of Charles Bigheart in it was acquired under a valid partition decree. It must then be treated as an estate by purchase and not of inheritance. The word "purchase" is defined to be a term which includes every mode of acquiring an estate known to the law, except that by which an heir, on the death of his ancestor, becomes substituted in his place as owner by operation of law. Thompson on Real Property, vol. 3,

p. 349; 2 Washburn Real Property, 401; United States v. Fooshee (C. C. A.) 225 F. 521; Wood v. Bullard, 151 Mass. 324, 25 N. E. 67, 7 L. R. A. 304; 2 Blackstone Com. 201; 4 Kent Com. 374.

It appears from the pleadings and the admitted facts that Charles Bigheart did not take the same portion of the land by the decree in partition that he had taken by inheritance from his mother. "A tenant in common whose interest becomes severed by partition, is a 'purchaser' of the interests of his co-tenants in the land set apart to him." Campau v. Barnard, 25 Mich. 381; McMakin v. Michaels, 23 Ind. 462.

In the case of Robinson v. Fair, 128 U. S. 53, at page 84, 9 S. Ct. 30, 34, 32 L. Ed. 415, the court, in considering the jurisdiction of the probate courts of California to partition lands, very clearly pointed out the distinction between the distribution of an estate among the heirs and an action in partition. Mr. Justice Harlan, speaking for the court, said: "As correctly observed by counsel, distribution neither gives a new title to property, nor transfers a distinct right in the estate of the deceased owner, but is simply declaratory as to the persons upon whom the law casts the succession, and the extent of their respective interests; while partition in most, if not in all, of its aspects, is an adversary proceeding, in which a remedial right to the transfer of property is asserted, and resulting in a decree which, either ex proprio vigore or as executed, accomplishes such transfer."

In the case of Lewis v. Gillard, 70 Okl. 231, 173 P. 1136, it was held: "Partition of Indian lands is an 'alienation' within the meaning of the federal law imposing restrictions thereon."

I am clearly of the opinion that the title to the land involved vested in Charles Bigheart and Pearl Bigheart by purchase, and not by descent, and that, upon the death of Charles Bigheart, subdivision 7 of section 11301, Compiled Oklahoma Statutes 1921, was not controlling. George Bigheart, the father of Charles Bigheart, inherited the undivided half interest of Charles Bigheart in the lands, and the conveyance from George Bigheart, who held a certificate of competency, conveyed the interest to W. K. Hale. W. K. Hale, after receiving his deed from George Bigheart, had title to the lands in controversy, except as to the undivided interest held by Pearl Bigheart, and was a joint owner of the lands with her. It is insisted by the government that the title to the lands

held by Pearl Bigheart were restricted against alienation, by reason of restrictions imposed upon the lands by the Secretary of the Interior when the partition proceedings were had, and when they were approved by the Secretary. The defendant contends that the Secretary of the Interior was without power to impose restrictions upon the lands which became vested in Pearl Bigheart by the decree of the court in the partition case. It is clear that, upon consideration of section 6 of the Act of April 18, 1912, supplementary and amendatory of the Osage Allotment Act of June 28, 1906, 34 Stat. 539 (chapter 83, 37 Stat. 86), the partition of restricted lands of a deceased Osage allottee, in order to be valid, must have the approval of the Secretary of the Interior. The Secretary, having the power to approve the partition of the lands herein considered, for the purpose of protecting the interest of Osage minors or of restricted heirs, could approve such partition upon whatever terms and conditions against alienation as he deemed proper and necessary. United States v. Brown, et al. (8 C. C. A.) 8 F.(2d) 564; Drummond v. United States (8 C. C. A.) 34 F.(2d) 755.

The partition action instituted by W. K. Hale against Pearl Bigheart involved a partition of lands, a portion of which was restricted against alienation. Unless provided by Act of Congress, state courts in Oklahoma are without power to partition lands held by restricted Indians. Lewis v. Gillard, 70 Okl. 231, 173 P. 1136; Coleman v. Battiest, 65 Okl. 71, 162 P. 786. However, Congress has authorized partition of lands owned by Osage Indians (chapter 83, 37 Stat. 86, supra), but such proceedings in the state courts must conform to and comply with the requirements and provisions contained in the federal act. The act cited above requires the approval by the Secretary of the Interior for partitions of lands of restricted Osage Indians, or that the funds arising in such a proceeding due an Osage minor must be paid to the Secretary of the Interior, or to the legal guardian of the minor with the approval of the Secretary. In the instant case, the record fails to disclose that the federal act was complied with in this respect. Hence, I conclude that the partition proceedings did not divest Pearl Bigheart of her title to an interest in the lands. The record is silent as to whether the partition proceedings involved herein was considered by the Secretary of the Interior. In view of the fact that his approval is necessary to validate the partition proceedings, I shall stay entering final decree for a period of ninety days from this date, in order to afford defendant an opportunity to submit the matter to the Secretary of the Interior for his consideration and action.