**UNITED STATES v. HALE.**
**No. 421.**

Circuit Court of Appeals, Tenth Circuit.
July 21, 1931.

630

John M. Goldesberry, U. S. Atty., of Tulsa, Okl. (A. E. Williams, Asst. U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Wm. S. Hamilton, of Pawhuska, Okl. (Edw. C. Gross and J. I. Howard, both of Pawhuska, Okl., on the brief), for appellee.

Before LEWIS and COTTERAL, Circuit Judges, and POLLOCK, District Judge.

COTTERAL, Circuit Judge.

This suit was brought by the United States, in behalf of Pearl Bigheart, an Osage Indian ward, against Myrtie M. Hale, to quiet the title to a quarter section of land in Osage county, Okl. The District Court [39 F.(2d) 188] sustained the title of each to a half interest in the land, but the entire interest was awarded to the defendant in a final decree, from which the United States appeals. We first review the material facts to which the parties agreed at the trial.

The land was allotted to Um-pah-to-kah, a full-blood Osage Indian, pursuant to the Allotment Act of June 28, 1906, 34 Stat. 539–545. The allottee died intestate, a minor, and the land was inherited by her father, George Bigheart, and her mother, Pah-me-she-wah, as her only heirs, by virtue of section 6 of the act, which put in force the laws of descent of Oklahoma, except where a decedent leaves no issue nor husband nor wife, when the estate goes to the father and mother equally. In May, 1912, George Bigheart, holding a certificate of competency, conveyed his half interest in the land to Alfred D. Harris. In April, 1913, Pah-me-she-wah died intestate, leaving as her sole heirs her husband, George Bigheart, and her two minor children, Charles Bigheart and Pearl Bigheart, each taking an undivided one-sixth interest in the land. George Bigheart, a year later, conveyed his one-sixth interest to one Kennedy, who conveyed the same to Harris.

In August, 1915, the guardian of Charles and Pearl Bigheart brought a suit in the state court against Harris for a partition of the land and other tracts, involving some 660 acres. In May, 1916, partition was decreed, whereby the quarter section in dispute and 40 acres additional were set off to the two minors, in common. The Secretary of the Interior, on February 20, 1917, indorsed the decree in these terms: "Approved, provided the lands set aside to Charles Bigheart and Pearl Bigheart, in common, are held by them under the same restrictions as to alienation as applied prior to the institution of this suit."

Thereafter, in February, 1919, Charles Bigheart died a minor, intestate, survived by his father, George Bigheart, as his next of kin. The latter conveyed a one-half interest to W. K. Hale, claiming he acquired it as the sole heir of Charles Bigheart. Pearl Bigheart also claimed to have succeeded to that interest. Hale later brought a partition suit against her and her guardian, the result of which was that the entire land was conveyed to Hale, in consideration of the payment by him to the guardian of Pearl Bigheart of the appraised value of her interest in the land. Later, Hale conveyed the land to the defendant, Myrtie M. Hale.

A decree in the present case was first stayed to await approval of the second partition suit by the Secretary of the Interior. He disapproved it. The decree herein then provided that title should be vested one-half each in Pearl Bigheart and Myrtie M. Hale, on the condition that within 60 days the former should repay the latter the sum of $1,-533.76, paid to the guardian of Pearl Bigheart in the second partition suit. Her default in payment being reported, the entire interest in the land was vested in Myrtie M. Hale.

The controversy presented here is twofold: (1) Whether George Bigheart or Pearl Bigheart succeeded to the one-half interest of Charles Bigheart in the land, and (2) whether it was error to award the interest of Pearl Bigheart to Myrtie M. Hale, for the nonpayment to the latter of the amount paid to the guardian of Pearl Bigheart, in the second partition suit.

It is contended by appellant that Pearl Bigheart inherited the title to the one-half interest of Charles Bigheart in this land, by virtue of subdivision 7 of section 11301,

Comp. St. Okl. 1921, which provides as follows: "If the decedent leave several children, or one child and the issue of one or more children, and any such surviving child dies under age, and not having been married, all the estate that came to the deceased child by inheritance from such decedent, descends in equal shares to the other children of the same parent, and to the issue of any such other children who are dead, by right of representation."

The contention would be sound if that title had come to Pearl Bigheart by inheritance. He-ah-to-me v. Hudson, 121 Okl. 173, 249 P. 138. The District Court ruled to the contrary, and to the effect that the title of Charles Bigheart had its origin in the first partition suit, and was therefore acquired by purchase and not by inheritance. See opinion, District Court, 39 F.(2d) 188.

We think the decision was right. It was based on the fundamental doctrine sustained by the authorities that a title by purchase includes every known method of acquiring an estate except that by which it passes to an heir by operation of law. The distinction was pointed out in a controlling authority there cited, Robinson v. Fair, 128 U. S. 53, 9 S. Ct. 30, 32 L. Ed. 415, where it was held that partition is an adversary proceeding, which accomplishes a transfer of title (page 84 of 128 U. S., 9 S. Ct. 30). And the Oklahoma Supreme Court has confirmed the principle under the partition laws of the state. Lewis v. Gillard, 70 Okl. 231, 173 P. 1136.

Pearl Bigheart did not therefore take title to the one-half interest in the land of Charles Bigheart. It was not an inheritance but a title which had come to him by purchase. It vested in George Bigheart as his father and heir, under the terms of section 6 of the Allotment Act of June 28, 1906 (34 Stat. 539, 545), and not under the state law. As a result, W. K. Hale and Pearl Bigheart each owned a one-half interest in the land at the institution of the second partition suit.

But we do not agree with the District Court in rendering the decree which vested the title to the restricted interest of Pearl Bigheart in Myrtie M. Hale. The Osage Indian lands were acquired by and conveyed to the United States in trust for the Indians. Brewer Oil & Gas Co. v. United States, 260 U. S. 77, 43 S. Ct. 60, 67 L. Ed. 140. Thus its power of control originated. The allotments were not made in trust, but subject to restrictions, which the United States was entitled to enforce in behalf of its wards. United States v. Bowling, 256 U. S. 484, 41 S. Ct. 561, 65 L. Ed. 1054. Partition of the restricted lands was authorized by section 6 of the Act of April 18, 1912 (37 Stat. 87), only with the approval of the Secretary of the Interior. That official was entitled to annex the conditions on which it might be made effective. Drummond v. United States (C. C. A.) 34 F.(2d) 755.

The second partition suit, for want of departmental sanction, was of no force or effect for any purpose. That suit, being a nullity, accomplished no more toward divesting the restricted title of Pearl Bigheart to her half interest in the land than would result from her voluntary act. She could not alienate the land for any consideration. The United States was not a party to the suit, and there was no adjudication that could affect its power and duty to protect the interest of Pearl Bigheart. The decree could not estop the government to challenge the transfer, and a failure to return the consideration could not be required as an equitable condition of avoiding a conveyance to Myrtie M. Hale. Otherwise, the policy of the law which imposed the restriction would be frustrated. Heckman v. United States, 224 U. S. 413, 32 S. Ct. 424, 56 L. Ed. 820; Tiger v. Western Investment Co., 221 U. S. 286, 31 S. Ct. 578, 55 L. Ed. 738.

Pearl Bigheart still retains her one-half interest in the land involved in this suit, and is entitled to have it quieted. The decree of the District Court was erroneous, and it is reversed, and the cause is remanded to that court, with direction to enter another, quieting the title of Pearl Bigheart to her half interest in the land, and denying any relief to the appellee. The costs of this appeal will be taxed to the latter.

Reversed.